**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HIRSCHBACH MOTOR LINES, INC.; JOHN CHRISTNER TRUCKING, LLC; THREE DIAMOND LEASING, LLC; GR EQUIPMENT LEASING, INC.; SCHUSTER COMPANY; SCHUSTER ENTERPRISES, LTD.; AEG LEASING LLC; SCHUSTER COMPANY, LLC, individually and on behalf of all others similarly situated, | Case No.:     1:24-cv-11979 |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | Hon. Thomas M. Durkin |
| NAVISTAR, INC.; PACCAR INC.; and BENDIX COMMERCIAL VEHICLE SYSTEMS LLC, | |
| Defendants. | |

**DEFENDANT/COUNTER-PLAINTIFF INTERNATIONAL MOTORS, LLC'S
COUNTERCLAIM AGAINST PLAINTIFF/COUNTER-DEFENDANT
HIRSCHBACH MOTOR LINES, INC.**

Defendant/Counter-Plaintiff International Motors, LLC, f/k/a Navistar, Inc. ("International")[1] hereby brings this Counterclaim against Plaintiff/Counter-Defendant Hirschbach Motor Lines, Inc. ("Hirschbach"), and states as follows:

**NATURE OF THE CASE**

1.    This Counterclaim arises from Plaintiff/Counter-Defendant Hirschbach's deliberate violations of a Settlement Agreement and Mutual Release (hereinafter the "Settlement Agreement") that it freely entered into with Defendant/Counter-Plaintiff International. *See* Ex. 1, Settlement Agreement.

---

[1] Navistar, Inc. underwent a corporate reorganization and name change to International Motors, LLC effective October 1, 2024.

1

2.     In that agreement, which was negotiated and executed four years ago, Hirschbach—on behalf of itself and any Hirschbach-affiliated entity—expressly agreed to "release … and forever discharge" International and other specified "Released Parties" from all past, present, and future claims, known or unknown, related to (1) International trucks purchased, leased, or operated prior to the effective date of the Settlement Agreement, December 24, 2020 (hereinafter referred to as the "International Trucks"), (2) any prior agreement between International and Hirschbach, and (3) any act or omission by International.

3.     Despite this clear and unambiguous agreement, Hirschbach has now twice violated its contractual obligations by bringing new legal actions against International.  Both actions were and are barred by the Settlement Agreement, wasted resources, and burdened the Court with litigation that should never have been filed.

4.     First, in September 2021, Hirschbach filed a third-party complaint against International in an action pending in the Southern District of Illinois. That lawsuit—initiated by plaintiffs Leron Lewis, Jr. and Brandon Moffett—involved a 2019 International LT625 truck, which was indisputably covered by the Settlement Agreement.

5.     By naming International as a third-party defendant, Hirschbach directly contradicted the terms of the Settlement Agreement, including Section 3, "Release of Claims," and Section 19, "Covenant Not to Sue"—both of which prohibited Hirschbach from pursuing any further claims against International arising from the International Trucks, or from any act or omission of International's.

6.     Second, in November 2024, Hirschbach and certain Hirschbach affiliates, including Plaintiff GR Equipment Leasing, Inc. ("GR Equipment"), breached the Settlement Agreement again by filing in this Court the present class action lawsuit concerning International Trucks

manufactured after January 1, 2015, and equipped with the Bendix Wingman Fusion or Bendix Advanced System—claims which relate to the International Trucks, alleged prior agreements between Hirschbach and International, and alleged acts and omissions of International.

7. This class action lawsuit directly violates the mutual release and covenant not to sue provisions, once again attempting to litigate claims that Hirschbach permanently released in December 2020.

8. International brings this Counterclaim to enforce the Settlement Agreement and seeks relief for Hirschbach's repeated, knowing, and deliberate breaches.

9. By initiating legal actions that it contractually agreed never to pursue, Hirschbach has caused substantial harm, forcing International to incur significant legal fees, costs, and damages in defending against lawsuits that should have been barred from the outset.

10. Accordingly, International seeks monetary damages, attorneys' fees and costs, and all other appropriate relief to remedy Hirschbach's flagrant breaches.

## THE PARTIES

11. Hirschbach is a corporation organized under the laws of the state of Iowa, with its principal place of business in Iowa.

12. International is a corporation organized under the laws of the state of Delaware, with its principal place of business in the state of Illinois, in DuPage County.

## JURISDICTION AND VENUE

13. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs.

14.     Venue is proper in this Court, because a substantial part of the events or omissions giving rise to the counterclaim occurred in this judicial district, including Hirschbach's filing of claims in this Court in violation of its contractual obligations.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### The Settlement Agreement

15.     On August 21, 2020, Hirschbach Motor Lines, Inc. ("Hirschbach") filed a complaint under seal against Navistar, Inc. n/k/a International Motors, LLC ("International") in the United States District Court, Northern District of Iowa, styled as *Hirschbach Motor Lines, Inc. v. Navistar, Inc.*, Case No. 20-CV-01031-LTS-MAR (the "Iowa Action").

16.     In that complaint, Hirschbach alleged multiple claims against International concerning certain 2010–2020 model year trucks manufactured by International.

17.     On December 7, 2020, Hirschbach and International informed the District Court for the Northern District of Iowa the parties had reached a settlement.

18.     Accordingly, on December 24, 2020, International, Hirschbach, and two of Hirschbach's affiliates, including GR Equipment, executed an attendant Settlement Agreement and Mutual Release (the "Settlement Agreement"), attached hereto as Ex. 1.

19.     On December 30, 2020, the parties filed their Stipulation for Dismissal agreeing that all claims from the Iowa Action should be dismissed with prejudice.

20.     The recitals and terms of the Settlement Agreement executed by Hirschbach and International are clear and unambiguous.

21.     The Settlement Agreement reflected that "the Parties desire to settle all claims related to the Lawsuit and ***any other claims Hirschbach has or may have against Navistar***."

4

22. Specifically, Hirschbach freely agreed in Section 3 "Release of Claims" of the Settlement Agreement that:

"Hirschbach, on behalf of itself, its … affiliates, parents, subsidiaries, agents, transferees, employers, employees, and representatives (the "Releasors"), hereby **releases, acquits, remises, and forever discharges Navistar**, its past, present and future parents (including but not limited to Navistar International Corporation), predecessors, successors, spin-offs, assigns, holding companies, joint-ventures and joint-venturers, partnerships and partners, members, principals, divisions, stockholders, bondholders, shareholders, subsidiaries, related companies, affiliates, officers, directors, employees, associates, authorized dealers, representatives, suppliers, vendors, advertisers, service providers, distributors and sub-distributors, licensees, agents, insurers, co-insurers, re-insurers, underwriters, attorneys, administrators and advisors (the "Released Parties") **from any and all liabilities**, claims, demands, indemnities, subrogation, judgments, damages, expenses, costs, fees, debts, interest, causes of action, **known or unknown, past, present or future**, whether in law or equity, arising out of, or relating to (1) **the Trucks**, (2) **any agreement between Navistar and Hirschbach** in effect prior to the Effective Date, or (3) **any act or omission by the Released Parties**, including but not limited to all claims of any kind arising from, related to, in connection with, or in any way involving allegations that were or could have been asserted in the Lawsuit…" (emphasis added).

23. Trucks is defined to include "all Navistar trucks purchased, leased, or otherwise operated by Hirschbach prior to the Effective Date" of the Settlement Agreement, December 24, 2020.

24. International is a Released Party under this section of the Settlement Agreement.

25. Hirschbach and all its affiliates are Releasors under this section of the Settlement Agreement.

26. The Releasors released the Released Parties from any and all "causes of action, known or unknown, past, present or future, whether in law or equity, arising out of, or relating to (1) the Trucks, (2) any agreement between Navistar and Hirschbach in effect prior to the Effective Date, or (3) any act or omission by the Released Parties."

27. In Section 19, "Covenant Not to Sue," Hirschbach "hereby irrevocably and unconditionally covenant[ed]" that the Releasors "will refrain from commencing any action, suit, claim, counterclaim or proceedings or prosecuting or participating … in any pending or other action, suit, claim, counterclaim or proceeding, at law, in equity or otherwise, against or adverse to the Released Parties on account of any matter released under Section 3[.]" These released matters include claims relating to the International Trucks, any prior or existing agreements between the parties, or any acts or omissions by International.

28. In Section 14, the Parties agreed that the Settlement Agreement "shall be binding upon and inure to the benefit of the Parties and their respective … affiliates."

29. Additionally, in Section 19, Hirschbach further agreed that if Hirschbach violated this Covenant Not to Sue, and in fact if "any other liability" accrued in the event of its breach, Hirschbach:

> "… **shall be liable to pay,** and hereby agrees to indemnify and hold harmless the Released Parties on demand for**, all reasonable attorneys' fees, costs, and disbursements** and all other losses incurred by the Released Parties **in defense or settlement of any such action, suit, claim, counterclaim or other proceeding."** (emphasis added).

30. Hirschbach affirmed in Section 16 that the Settlement Agreement "constitutes a legal, valid and binding obligation" and "is enforceable in accordance with its terms."

31. Hirschbach fully and freely agreed to the Settlement Agreement, including each of the aforementioned sections, on December 24, 2020, when both parties duly executed the Settlement Agreement—in consideration of which it received from International a confidential monetary sum as full and final compensation. This sum constituted the total cash payment due to Hirschbach by International, which it paid in consideration for Hirschbach's acceptance of and

6

compliance with the express terms of the Settlement Agreement, including the release of claims against International.

**The S.D. Illinois Third-Party Complaint Breached the Settlement Agreement**

32.     On December 21, 2020 and January 4, 2021, Leron Lewis, Jr. and Brandon Moffett, respectively, filed lawsuits against Hirschbach in the U.S. District Court, Southern District of Illinois, styled as *Leron Lewis, Jr. v. Hirschbach Motor Lines, Inc. and Eric Jerome Campbell, Sr.*, Case No. 20-CV-01355-JPG (the "S.D. Illinois Action").

33.     In the S.D. Illinois Action, Lewis and Moffett brought negligence claims against Hirschbach related to a December 13, 2020 motor vehicle accident involving a 2019 International LT625 truck.

34.     On September 15, 2021, Hirschbach moved for leave to file in the Southern District of Illinois a third-party complaint against International.

35.     That leave was granted, and on November 12, 2021, Hirschbach's Third-Party Complaint against International was entered on the record.

36.     In that complaint, Hirschbach alleged claims of negligence and strict tort liability against International.

37.     Specifically, Hirschbach asserted that the 2019 International truck at issue in the lawsuit was defective and dangerous, and that International had negligently designed, manufactured, and distributed that truck.

38.     By bringing International into the S.D. Illinois Action and naming International as a third-party defendant, Hirschbach knowingly and intentionally violated the Settlement Agreement, including at the very least Sections 3 and 19.

7

39.     The 2019 International truck at issue in the S.D. Illinois Action was purchased before the Effective Date of the Settlement Agreement and was therefore a "Truck" subject to the release.

40.     Further, Hirschbach's negligence and products liability claims against International are based on International's alleged "acts and omissions" and are also subject to the release.

41.     Therefore, in amending its pleading in the S.D. Illinois Action to name International as a third-party defendant, Hirschbach directly violated Section 3 of the Settlement Agreement.

42.     Hirschbach's actions in suing International as a third-party defendant in the S.D. Illinois Action also violated Section 19 of the Settlement Agreement.

43.     In Section 19, "Covenant Not to Sue," Hirschbach "hereby irrevocably and unconditionally covenant[ed]" that the Releasors (defined to include itself and its affiliates) "will refrain from commencing any action, suit, claim, counterclaim or proceedings or prosecuting or participating … in any pending or other action, suit, claim, counterclaim or proceeding, at law, in equity or otherwise, against or adverse to the Released Parties on account of any matter released under Section 3[.]"  As above, the third-party claims Hirschbach asserted against International in the S.D. Illinois Action fall within the scope of Section 3.

44.     By filing a third-party complaint against International in the S.D. Illinois Action, Hirschbach "prosecut[ed]" and "participat[ed]" in claims released by the Settlement Agreement in a clear violation of its covenant not to do so.

**The Instant Class Action Lawsuit Breaches the Settlement Agreement**

45.     On November 20, 2024, Plaintiffs/Counter-Defendant Hirschbach, and several other Hirschbach affiliates, including GR Equipment, filed the present class action lawsuit in the Northern District of Illinois (the "Instant Action").  (Dkt. 1).

46. Hirschbach and all its affiliates are Releasors under the terms of the Settlement Agreement.

47. The claims and issues in the Instant Action concern International Trucks equipped with the Bendix Wingman Fusion System or Bendix Advanced System and manufactured by International on or after January 1, 2015.

48. Specifically, Hirschbach and its affiliates allege that the Bendix systems in the International Trucks are defective, and bring claims for violation of the Illinois Consumer Fraud Act, negligence, products liability, breach of contract, and breach of warranty.

49. By filing and prosecuting the Instant Action, Hirschbach and its affiliates, including GR Equipment, knowingly violated the terms of their Settlement Agreement with International, which explicitly released and discharged all claims related to (1) International Trucks purchased, leased, or operated by Hirschbach prior to December 24, 2020; (2) any agreements between the parties prior to or in existence at that time; and (3) any and all acts or omissions by International.

50. The Instant Action violates Section 19, "Covenant Not to Sue" in which Hirschbach "irrevocably and unconditionally covenant[ed]" that neither it nor any other Releasor would not initiate or participate in any lawsuit against International or its affiliates concerning claims released in Section 3.

51. Hirschbach's and its affiliates' decision to bring and pursue claims asserted in the Instant Action against International that were fully released and settled as part of Section 3 is a direct and intentional breach of Section 19 of the Settlement Agreement.

## COUNT I
### BREACH OF CONTRACT
**(Against Hirschbach for its Third-Party Complaint in the S.D. Ill. Action)**
**(Sections 3 and 19 of the Settlement Agreement and Mutual Release)**

52.     Defendant/Counter-Plaintiff International incorporates by reference paragraphs 1 to 51, as though fully set forth herein.

53.     On December 24, 2020, International and Hirschbach entered into the Settlement Agreement and Mutual Release.

54.     The Settlement Agreement is a valid and enforceable contract that Hirschbach entered into willfully and freely.

55.     The terms of that Settlement Agreement were unambiguous, explicit, and definite.

56.     International performed all its obligations and was at all relevant times in full compliance with the Settlement Agreement.

57.     Hirschbach's third-party complaint in the S.D. Ill. Action makes claims against International arising from or related to an International Truck "purchased, leased, or otherwise operated by Hirschbach prior to the Effective Date" of the Settlement Agreement and alleged acts or omissions of International.

58.     Hirschbach's filing and prosecution of the third-party complaint against International violated at least Sections 3 and 19 of the Settlement Agreement.

59.     As a direct and proximate result of Hirschbach's breach of the Settlement Agreement, International has and continues to suffer damages, not only the loss of the benefit of the settlement funds paid to Hirschbach, but also substantial and ongoing attorneys' fees and related costs.

60.     Under Section 19 of the Settlement Agreement, Hirschbach explicitly agreed that in the event it breached the Settlement Agreement—which it has here—Hirschbach is obligated

10

and liable to pay all reasonable attorneys' fees, costs, and disbursements, and all other losses incurred by International in defense or settlement of any suit, action, or other proceeding.

WHEREFORE, Counter-Plaintiff International prays for judgment in its favor on Count I and against Counter-Defendant Hirschbach, and that it be awarded monetary damages, any statutory damages, reasonable attorneys' fees, costs, expenses, and disbursements, and all other losses incurred by International in defense or settlement of any suit, action, or other proceeding, and any other or further relief the Court deems just and proper.

## COUNT II
### BREACH OF CONTRACT
**(Against Hirschbach for its Class Action Complaint in the Instant Action)**
**(Sections 3 and 19 of the Settlement Agreement and Mutual Release)**

61. Defendant/Counter-Plaintiff International incorporates by reference paragraphs 1 to 60, as though fully set forth herein.

62. On December 24, 2020, International and Hirschbach entered into the Settlement Agreement and Mutual Release.

63. The Settlement Agreement is a valid and enforceable contract that Hirschbach entered into willfully and freely.

64. The terms of that Settlement Agreement were unambiguous, explicit, and definite.

65. International performed all its obligations and was at all relevant times in full compliance with the Settlement Agreement.

66. The claims and issues in the Instant Action arise from or relate to International Trucks equipped with the Bendix Wingman Fusion System or Bendix Advanced System and manufactured by International on or after January 1, 2015, including International Trucks "purchased, leased, or otherwise operated by Hirschbach prior to the Effective Date" of the

11

Settlement Agreement, as well as contracts or warranties in effect prior to or at the time of the Settlement Agreement, and alleged acts or omissions of International.

67. By filing and prosecuting the Instant Action, Hirschbach knowingly violated at least Sections 3 and 19 of the Settlement Agreement, through which it agreed that no Releasor would bring released claims against International.

68. As a direct and proximate result of Hirschbach's breach of the Settlement Agreement, International has and continues to suffer damages, not only the loss of its settlement funds paid to Hirschbach, but also substantial and ongoing attorneys' fees and related costs.

69. Under Section 19 of the Settlement Agreement, Hirschbach explicitly agreed that in the event it or any Releasor breached the Settlement Agreement—which has occurred here— Hirschbach is obligated and liable to pay all reasonable attorneys' fees, costs, and disbursements, and all other losses incurred by International in defense or settlement of any suit, action, or other proceeding.

WHEREFORE, Counter-Plaintiff International prays for judgment in its favor on Count II and against Counter-Defendant Hirschbach, and that it be awarded monetary damages, statutory damages, reasonable attorneys' fees, costs, expenses, and disbursements, and all other losses incurred by International in defense or settlement of any suit, action, or other proceeding, and any other or further relief the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counter-Plaintiff International Motors, LLC respectfully requests this Court find in its favor on all Counts and against Plaintiff/Counter-Defendant Hirschbach, and enter an order providing the following:

12

a. Entering a judgment against Hirschbach for compensatory, consequential, and incidental damages arising from its breaches of the underlying contract, in excess of $1,000,000 and in an amount to be established at trial;

b. Entering an injunction against Hirschbach prohibiting it or any of its affiliates from litigating or prosecuting further any claims or causes of action in violation of the Settlement Agreement;

c. Awarding International all reasonable attorneys' fees, costs, expenses, and disbursements, and all other losses incurred by International in defense or settlement of any suit, action, or other proceeding, arising as a result of Hirschbach's breaches of the Settlement Agreement, as Hirschbach fully and freely agreed in Section 19 of the Settlement Agreement, including attorneys' fees, costs, expenses, and disbursements for its defense and litigation of the S.D. Illinois Action and the Instant Action;

d. Declaratory judgment for breach of contract, namely that Hirschbach has breached the Settlement Agreement with International by filing and prosecuting lawsuits in violation of Sections 3 and 19 of the Settlement Agreement;

e. Awarding all other relief this Court deems just and proper.

## JURY DEMAND

Defendant/Counter-Plaintiff International demands a jury trial.

Respectfully submitted,

By: /s/ *Kevin M. Jakopchek*

Robin M. Hulshizer (ARDC No. 6230994)
Kevin M. Jakopchek (ARDC No. 6317040)
Lachanda R. Reid (ARDC No. 6339567)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611

13

Telephone: (312) 876-7700
Facsimile: (312) 993-9767
robin.hulshizer@lw.com
kevin.jakopchek@lw.com
lachanda.reid@lw.com

Catherine Rizzoni (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
cat.rizzoni@lw.com

Adam T. Suroff (*pro hac vice*)
Anthony C. Badami (*pro hac vice*)
Swanson, Martin & Bell, LLP
Prairie Village
7501 Nall Ave., Unit 1
Prairie Village, Kansas 66208
Telephone: (314) 242-0915
asuroff@smbtrials.com

Benjamin D. Lothson (ARDC No. 6330050)
Swanson, Martin & Bell, LLP
330 N. Wabash Ave., Suite 3300
Chicago, Illinois 60611
Telephone: (312) 222-8597
blothson@smbtrial.com

*Counsel for Defendant Navistar, Inc. n/k/a
International Motors, LLC*