**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HIRSCHBACH MOTOR LINES, INC.; JOHN CHRISTNER TRUCKING, LLC; THREE DIAMOND LEASING, LLC; GR EQUIPMENT LEASING, INC.; SCHUSTER COMPANY; SCHUSTER ENTERPRISES, LTD.; AEG LEASING LLC; SCHUSTER COMPANY, LLC, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　vs.<br><br>NAVISTAR, INC.; PACCAR INC.; and BENDIX COMMERCIAL VEHICLE SYSTEMS LLC,<br>　　　　　　　　　Defendants. | Case No.: 1-24-cv-11979<br><br>Judge Thomas M. Durkin<br><br>Magistrate Jeffrey Cole |

**DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF PENDING MOTIONS**

The Court should stay discovery pending the resolution of Defendants' Motions to Dismiss, Dkts. 44, 46–49 and Motions to Strike, Dkts. 45, 50–51. A decision on these Motions may resolve some or all of Plaintiffs' claims on the merits, will determine whether Bendix remains in this action, and will determine whether Plaintiffs may continue to assert any class claims. The Court's rulings thus may obviate the need for discovery and will otherwise define the reasonable and proportional scope of discovery, if any. Staying discovery is the more efficient option for the Parties and the Court because it will allow the issues to be simplified and streamlined, reduce the burden of litigation on the Parties and this Court, and it presents no risk of prejudice to Plaintiffs.

## BACKGROUND

Plaintiffs filed their putative class action complaint on November 20, 2024. Dkt. 1 (the "Complaint"). Their claims span a ten-year period and relate to thousands of International and PACCAR trucks equipped with certain Bendix frontal crash avoidance systems. Plaintiffs assert claims, on behalf of themselves and a nationwide purchaser class, for: (1) negligence; (2) strict products liability; (3) violations of the Illinois Consumer Fraud Act ("ICFA"); (4) breach of contract; and (5) breach of express and implied warranties. *Id.* ¶¶ 84–115.

Each Defendant moved to dismiss the Complaint on February 14, 2025, showing that Plaintiffs fail to state a claim as a matter of law. Dkts. 44, 46-49. Collectively, Defendants argued that the Complaint must be dismissed because: (1) Plaintiffs fail to and cannot adequately plead the elements or prerequisites of each claim; (2) Plaintiffs lack standing to bring an ICFA claim; (3) the economic loss doctrine bars the negligence and products liability claims; (4) ICFA does not apply extraterritorially so non-Illinois Plaintiffs cannot state an ICFA claim against non-Illinois companies PACCAR and Bendix; and (5) the facts alleged are insufficient for a choice-of-law analysis. *See* Dkts. 44, 46–49. Bendix also seeks dismissal for lack of personal jurisdiction and showed that Plaintiffs fail to allege any basis to support non-Illinois Plaintiffs asserting claims against non-Illinois Bendix in this Court. Dkt. 44.

Each Defendant also moved to strike Plaintiffs' class allegations on February 14, 2025. Dkts. 45, 50-51. Defendants showed that if any claim survived dismissal, the class allegations still must be stricken because it is plain from the Complaint that the proposed class cannot be certified. *See* Dkt. 45. Among their briefs, Defendants argued that Plaintiffs cannot proceed on a classwide basis as a matter of law because the proposed nationwide class implicates the laws of all fifty states and those laws vary in material ways precluding certification. Defendants also showed that individualized questions of law and fact predominate, including (1) the applicable choice-of-law; (2) whether class members can prove the existence of a defect or causation; (3) the contract, warranty, or representation at issue; (4) whether the statute of limitations bars any claims; (5) whether a class member gave pre-suit warranty notice; and (6) the existence and extent of each alleged injury. *See* Dkts. 45, 50–51. Bendix also argued that the ICFA claim cannot proceed for a nationwide class because ICFA has no extraterritorial reach. *See* Dkt. 45. The defects with the class allegations are "central defects" that discovery or factual development will not change.

On March 7, 2025, the Parties filed their initial joint status report. Dkt. 56. In it, Plaintiffs proposed a discovery schedule that would have class discovery ending in a mere *two months*. *Id.* at 5. Defendants instead requested that the Court stay discovery pending resolution of their Motions—which raise several case and issue dispositive arguments—and that to the extent the Court does not dismiss Plaintiffs' claims in full, Defendants would work with Plaintiffs to file a proposed discovery schedule within fourteen days of the Court's ruling. *Id.*

On March 10, 2025, the Court ordered Defendants to file this Motion. Dkt. 57.

**LEGAL STANDARD**

"This Court enjoys broad discretion in directing the course of discovery," including the discretion to stay discovery. *Munson v. Gaetz*, 2013 WL 5526659, at *1 (S.D. Ill. Oct. 7, 2013) (citing *James v. Hyatt Regency Chicago*, 707 F.3d 75, 784 (7th Cir. 2013)). "Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case

3

when his complaint has failed to state a claim." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981). "[T]he doors of discovery" do not unlock "for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Thus, courts routinely stay discovery where a motion "can resolve a threshold issue or where discovery may be especially burdensome and costly to the parties." *Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022) (Durkin, J.). Discovery stays are not disfavored; on the contrary, they are "granted with substantial frequency." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (collecting cases). In assessing a stay, courts consider: "(i)whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Rodriguez,* 2022 WL 704780, at *1 (citation omitted).

## ARGUMENT

### A. A Stay Will Simplify The Issues And Streamline The Trial

It cannot be seriously disputed that the issues raised in the pending Motions may simplify the issues and streamline this case. "Pleadings shape the litigation, including the scope and cost of discovery." *Reed v. Columbia St. Mary's Hospital*, 915 F.3d 473, 479 (7th Cir. 2019); *see also* Fed. R. Civ. P. 26. The Motions present several threshold issues that could either dispose of the case entirely, or could significantly limit the scope of the pleadings, and therefore this case.

Plaintiffs bring five separate claims, which Defendants move to dismiss as a matter of law for numerous independent reasons. The Court's resolution of the pending Motions to Dismiss may eliminate or at the very least substantially narrow the claims and issues. *See Rodriguez*, 2022 WL 704780, at *2 (granting motion to stay where "ruling on any part of the motion to dismiss" potentially could "dispose of certain claims brought by Rodriguez, making discovery unnecessary or, at least narrowing its scope"); *see also Rao v. JPMorgan Chase Bank, N.A.*, 2021 WL 4927415, at *1 (N.D. Ill. May 12, 2021) (similar). Additionally, Bendix seeks dismissal for lack of personal

4

jurisdiction, and resolving its motion will determine whether it remains in the case *at all*, making an examination into the merits or class issues premature. *See, e.g.*, *Rogers v. City of Hobart*, 996 F.3d 812, 817 n.9 (7th Cir. 2021) (stay pending motion to dismiss for lack of personal jurisdiction).

But even if any of Plaintiffs' claims survive, resolution of the Motions to Strike may significantly streamline the issues. "Whether a case will proceed on individual claims or as a putative class action is a threshold issue" that counsels in favor of a discovery stay. *Chandler v. Zinus, Inc.*, 2020 WL 12846610, at *1 (S.D. Ill. Sept. 10, 2020) (staying discovery in putative nationwide class action where defendant moved to strike). Should the Court grant the Motions to Strike, discovery into Rule 23 issues like whether a nation of absent class members was exposed to similar contracts or marketing material will no longer be relevant to the case or any future trial.

### B. A Stay Will Reduce The Litigation Burdens On The Parties And Court

If the Motions to Dismiss are granted, the Parties "will be spared the expense of discovery," *Cemail v. Viking Dodge, Inc.*, 1997 WL 359962, at *1 (June 17, 1997), while an order granting the Motions to Strike will avoid "the burden, time, and expense [] associated with responding to discovery in a putative class action," *Rodriguez*, 2022 WL 704780, at *2 (collecting cases). *See also Chandler*, 2020 WL 12846610, at *1 ("[D]iscovery for a putative nationwide class action will involve significantly more time and expense than if this case proceeds on an individual basis."). Requiring the Parties to engage in immediate class certification or merits discovery on each of Plaintiffs' five claims presents a significant litigation burden. The costs of researching and obtaining the information needed to respond to written discovery; searching for, reviewing, and producing documents; and conducting and defending depositions are burdensome in any case, and particularly so in a putative nationwide class action like this one. These costs may be avoided altogether or greatly reduced by waiting until the Court rules on the Motions. But if discovery starts now and the Court grants the Motions, these costs will never be recovered.

A stay also reduces the burdens on the Court by obviating the need for the parties to litigate, and the Court to hear, unnecessary disputes about the scope of permissible discovery. The proper scope of discovery is bounded by the pleadings. *See Reed*, 915 F.3d at 479; *see also* Fed. R. Civ. P. 26. Until the Court rules on the pending Motions, thus providing clarity on the scope of the pleadings and the parties, the Parties are virtually certain to dispute the appropriate scope of discovery. Rather than requiring the Court's intervention on matters that may be mooted by resolution of the Motions, granting a stay reduces burdens for the Court as well as the Parties and presents the most efficient path forward.

### C. **Plaintiffs Will Not Be Prejudiced By A Brief Discovery Stay**

While Defendants will suffer prejudice if forced to begin sprawling class-certification and merits discovery that may be unnecessary should the Court grant the Motions, Plaintiffs will suffer exactly none. "The Court can discount 'the general prejudice of having to wait for resolution,'" which "is not a reason to deny [a] stay." *Rodriguez*, 2022 WL 704780, at *1 (finding this insufficiently prejudicial to deny a stay) (citing *Medline Indus., Inc. v. C.R. Bard, Inc.*, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019)). Otherwise, Plaintiffs have not identified any other possible prejudice, either to Defendants or to the Court in the initial joint status report, that would support their request to begin discovery now. For example, there is no danger of witnesses or documents that "will be lost or no longer discoverable" if discovery is stayed. *Id.*

## CONCLUSION

For the above reasons, a stay of discovery is appropriate.

6

Dated: March 18, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Kevin M. Jakopchek*
　　　　　　　　　　　　　　　　　　　Robin M. Hulshizer (ARDC No. 6230994)
　　　　　　　　　　　　　　　　　　　Kevin M. Jakopchek (ARDC No. 6317040)
　　　　　　　　　　　　　　　　　　　Lachanda R. Reid (ARDC No. 6339567)
　　　　　　　　　　　　　　　　　　　LATHAM & WATKINS LLP
　　　　　　　　　　　　　　　　　　　330 North Wabash Avenue, Suite 2800
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60611
　　　　　　　　　　　　　　　　　　　Telephone: (312) 876-7700
　　　　　　　　　　　　　　　　　　　Facsimile: (312) 993-9767
　　　　　　　　　　　　　　　　　　　robin.hulshizer@lw.com
　　　　　　　　　　　　　　　　　　　kevin.jakopchek@lw.com
　　　　　　　　　　　　　　　　　　　lachanda.reid@lw.com

　　　　　　　　　　　　　　　　　　　Catherine Rizzoni (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　LATHAM & WATKINS LLP
　　　　　　　　　　　　　　　　　　　505 Montgomery Street, Suite 2000
　　　　　　　　　　　　　　　　　　　San Francisco, California 94111
　　　　　　　　　　　　　　　　　　　Telephone: (415) 391-0600
　　　　　　　　　　　　　　　　　　　cat.rizzoni@lw.com

　　　　　　　　　　　　　　　　　　　Adam T. Suroff (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　Swanson, Martin & Bell, LLP
　　　　　　　　　　　　　　　　　　　Prairie Village
　　　　　　　　　　　　　　　　　　　7501 Nall Ave., Unit 1
　　　　　　　　　　　　　　　　　　　Prairie Village, Kansas 66208
　　　　　　　　　　　　　　　　　　　Telephone: (314) 242-0915
　　　　　　　　　　　　　　　　　　　asuroff@smbtrials.com

　　　　　　　　　　　　　　　　　　　Benjamin D. Lothson (ARDC No. 6330050)
　　　　　　　　　　　　　　　　　　　Swanson, Martin & Bell, LLP
　　　　　　　　　　　　　　　　　　　330 N. Wabash Ave., Suite 3300
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60611
　　　　　　　　　　　　　　　　　　　Telephone: (312) 222-8597
　　　　　　　　　　　　　　　　　　　blothson@smbtrial.com

　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Navistar, Inc. n/k/a International Motors, LLC*

　　　　　　　　　　　　　　　　　　　*/s/ Natalie J. Stanton (with consent)*
　　　　　　　　　　　　　　　　　　　Timothy C. Sansone (ARDC No. 6257469)
　　　　　　　　　　　　　　　　　　　SANDBERG PHOENIX & von GONTARD P.C.
　　　　　　　　　　　　　　　　　　　120 S. Central Ave., Suite 1600
　　　　　　　　　　　　　　　　　　　Clayton, MO 63105
　　　　　　　　　　　　　　　　　　　(314) 725-9100
　　　　　　　　　　　　　　　　　　　tsansone@sandbergphoenix.com

Natalie J. Stanton (ARDC No. 6295170)
SANDBERG PHOENIX & von GONTARD P.C.
701 Market St., Suite 600
St. Louis, MO 63101-1826
(314) 231-3332
Facsimile: (314) 241-7604
nstanton@sansbergphoenix.com

*Counsel for Defendant PACCAR Inc*

*/s/ Erica L. Calderas (with consent)*
Erica L. Calderas (*pro hac vice*)
Eric B. Levasseur (*pro hac vice*)
HAHN LOESER & PARKS LLP
200 Public Square, Suite
Cleveland, OH 44114
Telephone:: 216-621-0150
Facsimile: 216-241-2824
elcalderas@hahnlaw.com
eblevasseur@hahnlaw.com

James Patrick White (ARDC No. 6292078)
HAHN LOESER & PARKS LLP
200 W Madison St., Ste 2700
2800 Chicago, IL 60606
Telephone: 312-637-3092
pwhite@hahnlaw.com

*Counsel for Bendix Commercial
Vehicle Systems, LLC*