**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HIRSCHBACH MOTOR LINES, INC.; JOHN CHRISTNER TRUCKING, LLC; THREE DIAMOND LEASING, LLC; GR EQUIPMENT LEASING, INC.; SCHUSTER COMPANY; SCHUSTER ENTERPRISES, LTD.; AEG LEASING LLC; SCHUSTER COMPANY, LLC, individually and on behalf of all others similarly situated, | Case No.: 1-24-cv-11979 |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| NAVISTAR, INC.; PACCAR INC.; and BENDIX COMMERCIAL VEHICLE SYSTEMS LLC, | Hon. Thomas M. Durkin |
| Defendants | |

**PLAINTIFF HIRSCHBACH MOTOR LINES, INC.'S ANSWER TO DEFENDANT
NAVISTAR MOTORS, LLC'S COUNTERCLAIM**

Plaintiff Hirschbach Motor Lines, Inc., answers Defendant Navistar Motors, LLC's (hereinafter "Navistar") counterclaims as follows:

**AFFIRMATIVE DEFENSES**

Without admitting the facts alleged in the counterclaims, Hirschbach asserts the following defenses without prejudicing its right to argue that Navistar bears the burden of proof as to any of these defenses. Hirschbach pleads these defenses in the alternative. These defenses are not admissions. Nor are they waivers of the relief Hirschbach seeks in its motion to sever and transfer. Hirschbach may have additional affirmative defenses of which it is not fully aware and reserves its right to assert additional defenses after they are ascertained.

**First Defense**

Navistar waived the counterclaims it makes here.

**Second Defense**

Navistar is estopped from making these counterclaims.

**Third Defense**

Navistar fails to state a claim for which relief may be granted.

\* \* \*

## NATURE OF THE CASE

1. Hirschbach admits that Exhibit 1 to the counterclaim is a "Settlement Agreement and Mutual Release."

2. Hirschbach denies the remaining allegations in paragraph 1.

3. Hirschbach denies the allegations in paragraph 2.

4. Hirschbach denies the allegations in paragraph 3.

5. Hirschbach denies the allegations in paragraph 4.

6. Hirschbach denies the allegations in paragraph 5.

7. Hirschbach denies the allegations in paragraph 6.

8. Hirschbach denies the allegations in paragraph 7.

9. Hirschbach denies the allegations in paragraph 8.

10. Hirschbach denies the allegations in paragraph 9.

11. Hirschbach admits that Navistar seeks money damages, attorneys' fees and costs, and other relief. Hirschbach denies Navistar is entitled to the relief it seeks and the remaining allegations in paragraph 10.

## THE PARTIES

12. Hirschbach admits the allegations in paragraph 11.

13. Hirschbach admits the allegations in paragraph 12.

## JURISDICTION AND VENUE

2

14.     Hirschbach denies the allegations in paragraph 13. Hirschbach has moved to sever and transfer the counterclaim.

15.     Hirschbach denies the allegations in paragraph 14. Hirschbach has moved to sever and transfer the counterclaim.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### The Settlement Agreement

16.     Hirschbach admits the allegations in paragraph 15.

17.     Hirschbach admits the allegations in paragraph 16.

18.     Hirschbach admits the allegations in paragraph 17.

19.     Hirschbach admits the allegations in paragraph 18.

20.     Hirschbach admits the allegations in paragraph 19.

21.     Hirschbach denies the allegations in paragraph 20.

22.     Hirschbach admits that Exhibit 1 contains the quoted language. Hirschbach denies that any of the quoted language is emphasized. Hirschbach denies that Exhibit 1 means what Navistar claims it means. Hirschbach denies the remaining allegations in paragraph 21.

23.     Hirschbach admits that Exhibit 1 contains the quoted language. Hirschbach denies that any of the quoted language is emphasized. Hirschbach denies that Exhibit 1 means what Navistar claims it means. Hirschbach denies the remaining allegations in paragraph 22.

24.     Hirschbach admits that Exhibit 1 contains the quoted language but denies the remaining allegations in paragraph 23.

25.     Hirschbach denies the allegations in paragraph 24.

26.     Hirschbach denies the allegations in paragraph 25.

3

27.     Hirschbach admits that Exhibit 1 contains the quoted language but denies that Exhibit 1 means what Navistar claims it means. Hirschbach denies the remaining allegations in paragraph 26.

28.     Hirschbach admits that Exhibit 1 contains the quoted language but denies that Exhibit 1 means what Navistar claims it means. Hirschbach denies the remaining allegations in paragraph 27.

29.     Hirschbach admits that Exhibit 1 contains the quoted language but denies that Exhibit 1 means what Navistar claims it means. Hirschbach denies the remaining allegations in paragraph 28.

30.     Hirschbach admits that Exhibit 1 contains the quoted language. Hirschbach denies that any of the quoted language is emphasized. Hirschbach denies that Exhibit 1 means what Navistar claims it means. Hirschbach denies the remaining allegations in paragraph 29.

31.     Hirschbach admits that Exhibit 1 contains the quoted language but denies that Exhibit 1 means what Navistar claims it means. Hirschbach denies the remaining allegations in paragraph 30.

32.     Hirschbach denies the allegations in paragraph 31.

**The S.D. Illinois Third-Party Complaint Breached the Settlement Agreement[1]**

33.     Hirschbach admits the allegations in paragraph 32.

34.     Hirschbach admits the allegations in paragraph 33.

35.     Hirschbach admits the allegations in paragraph 34.

36.     Hirschbach admits the allegations in paragraph 35.

37.     Hirschbach admits the allegations in paragraph 36.

---

[1] Hirschbach denies that the S.D. Illinois third-party complaint breached the settlement agreement. This header is included here only because it was included in the counterclaim.

4

38.     Hirschbach admits the allegations in paragraph 37.

39.     Hirschbach denies the allegations in paragraph 38.

40.     Hirschbach denies the allegations in paragraph 39.

41.     Hirschbach denies the allegations in paragraph 40.

42.     Hirschbach denies the allegations in paragraph 41.

43.     Hirschbach denies the allegations in paragraph 42.

44.     Hirschbach denies the allegations in paragraph 43.

45.     Hirschbach denies the allegations in paragraph 44.

**The Instant Class Action Lawsuit Breaches the Settlement Agreement[2]**

46.     Hirschbach admits the allegations in paragraph 45.

47.     Hirschbach denies the allegations in paragraph 46.

48.     Hirschbach denies the allegations in paragraph 47 because it is an incomplete statement of the claims and issues in this case.

49.     Hirschbach denies the allegations in paragraph 48 because they incorrectly list the claims in this case.

50.     Hirschbach denies the allegations in paragraph 49.

51.     Hirschbach denies the allegations in paragraph 50.

52.     Hirschbach denies the allegations in paragraph 51.

**<u>COUNT I</u>**
**BREACH OF CONTRACT**
**(Against Hirschbach for its Third-Party Complaint in the S.D. Ill. Action)**
**(Sections 3 and 19 of the Settlement Agreement and Mutual Release)**

---

[2] Hirschbach denies that the instant class action lawsuit breaches the settlement agreement. This header is included here only because it was included in the counterclaim.

5

53.     Hirschbach incorporates by reference paragraphs 1 to 51, as though fully set forth herein.

54.     Hirschbach denies the allegations in paragraph 53.

55.     Hirschbach denies the allegations in paragraph 54.

56.     Hirschbach denies the allegations in paragraph 55.

57.     Hirschbach denies the allegations in paragraph 56.

58.     Hirschbach denies the allegations in paragraph 57.

59.     Hirschbach denies the allegations in paragraph 58.

60.     Hirschbach denies the allegations in paragraph 59.

61.     Hirschbach denies the allegations in paragraph 60.

WHEREFORE, Hirschbach prays for judgment in its favor on Count I.

**<u>COUNT II</u>**
**BREACH OF CONTRACT**
**(Against Hirschbach for its Class Action Complaint in the Instant Action)**
**(Sections 3 and 19 of the Settlement Agreement and Mutual Release)**

62.     Hirschbach incorporates by reference paragraphs 1 to 60, as though fully set forth herein.

63.     Hirschbach denies the allegations in paragraph 62.

64.     Hirschbach denies the allegations in paragraph 63.

65.     Hirschbach denies the allegations in paragraph 64.

66.     Hirschbach denies the allegations in paragraph 65.

67.     Hirschbach denies the allegations in paragraph 66.

68.     Hirschbach denies the allegations in paragraph 67.

69.     Hirschbach denies the allegations in paragraph 68.

70.     Hirschbach denies the allegations in paragraph 69.

71. Further pleading, Hirschbach affirmatively states that Navistar is attempting to claim that the settlement regarding brake failures leading to fires and engine problems with the Maxxforce Engine has some relation to this litigation. It does not.

72. Hirschbach provided notice of its intent to sue Navistar and Bendix for contribution in the SDIL case before the Settlement Agreement was executed that Navistar claims Hirschbach has now breached.

73. Hirschbach's notice of claim was provided while Navistar was negotiating the terms of Hirschbach's resolution of the lawsuit related to brake failures leading to fires and engine problems with the Maxxforce Engine.

74. After receiving the notice of claim regarding Hirschbach's intent to sue Navistar and Bendix regarding the claim that formed the basis for the SDIL litigation, Navistar made no further mention of Hirschbach's notice of claim, Navistar did not attempt to address Hirschbach's notice of claim in the ongoing negotiations, Navistar made no assertion that Navistar believed the settlement of the separate litigation would somehow impact Hirschbach's claim against Navistar and Bendix for contribution.

75. After the SDIL litigation began, Hirschbach litigated the contribution claim against Navistar and Bendix for more than four years without Navistar ever asserting that the previous settlement over brake failures leading to fires and engine problems with the Maxxforce Engine barred Hirschbach's claims against Navistar.

76. In this action Navistar claims that after the settlement agreement over brake failures leading to fires and engine problems with the Maxxforce Engines that Navistar's warranty obligations to Hirschbach were terminated for every Navistar power unit in Hirschbach's fleet as of the date of the settlement agreement.

7

77. Since the settlement agreement was executed, Navistar has performed over 199,000 discrete warranty services for Hirschbach power units that were a part of Hirschbach's fleet at the time of the settlement. In other words, Navistar has taken actions directly contradictory to Navistar's litigation position in this case 199,000 times since the settlement agreement was reached regarding brake failures leading to fires and engine problems with the Maxxforce Engine.

78. Navistar is fully aware that the settlement agreement over brake failures leading to fires and engine problems with the Maxxforce Engine has nothing at all to do with this claim.

79. Navistar is fully aware that Hirschbach has not breached the settlement agreement regarding brake failures leading to fires and engine problems with the Maxxforce Engine.

WHEREFORE, Hirschbach prays for judgment in its favor on Count II.

## PRAYER FOR RELIEF

WHEREFORE, Hirschbach respectfully requests that the Court find in its favor on all Counts and against Navistar.

Respectfully submitted,

*/s/ Nick Wooten*
Nick Wooten
CHEELEY LAW GROUP LLC
2500 Old Milton Parkway, Suite 200
Alpharetta, Georgia 30009
(770) 814-7001
nick@cheeleylawgroup.com

*/s/ Matthew S. Hefflefinger*
*/s/ Devin M. Taseff*
Matthew S. Hefflefinger (ARDC No. 6201281)
Devin M. Taseff (ARDC No. 6333448)
CHARTWELL LAW
7707 N. Knoxville Avenue
Suite 201-A
Peoria, Illinois 61614
(309) 225-5560

8

mhefflefinger@chartwelllaw.com
dtaseff@chartwelllaw.com

*Counsel for Plaintiff Hirschbach
Motor Lines, Inc.*