IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HIRSCHBACH MOTOR LINES, INC.; JOHN CHRISTNER TRUCKING, LLC; THREE DIAMOND LEASING, LLC; GR EQUIPMENT LEASING, INC.; SCHUSTER COMPANY; SCHUSTER ENTERPRISES, LTD.; AEG LEASING LLC; and SCHUSTER COMPANY, LLC, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-11979 Hon. Thomas M. Durkin Magistrate Judge Jeffrey Cole |
| Plaintiffs, | |
| v. | |
| NAVISTAR, INC.; PACCAR INC.; and BENDIX COMMERCIAL VEHICLE SYSTEMS LLC, | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT BENDIX
COMMERCIAL VEHICLE SYSTEMS LLC'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

## Introduction

The Court should deny Bendix Commercial Vehicle Systems LLC's motion to dismiss for lack of personal jurisdiction. For over 20 straight years, Bendix has chosen to do business in Illinois. That business includes marketing and selling the defective safety systems that prompted this litigation in Illinois to Illinois-based trucking companies. As the Supreme Court put it, Bendix has a "veritable truckload of contacts" with Illinois. *Ford Motor Co. v. Mont. 8th Jud. Dist. Ct.*, 592 U.S. 351, 371 (2021). And exercising personal jurisdiction over Bendix is fair. If anything, Bendix's motion offends traditional notions of fair play and substantial justice. The Court should deny the motion.

### Jurisdictional Facts

Bendix "designs, develops, and supplies" so-called active safety technologies for "commercial vehicles throughout North America."[1] Those technologies include the defective Wingman Fusion and Wingman Advanced Safety Systems at issue here, which Bendix sells to vehicle manufactures such as Navistar, Inc.[2] Navistar is headquartered in Illinois and bought the defective systems from Bendix in Illinois.[3] Plaintiffs bought trucks that Navistar had equipped with the defective Bendix systems.[4] Those systems have caused Plaintiffs damages in Illinois.[5]

**Bendix does business in Illinois.** Bendix has done business in Illinois for decades.[6] Every year for over 20 years, Bendix has filed annual reports with the Illinois Secretary of State to maintain its "ACTIVE" business status in Illinois.[7] Bendix maintains a registered agent in Chicago, Illinois.[8] Its registered agent is at 208 South LaSalle Street—about 0.2 miles from the Court.[9]

For years, Bendix has thoroughly, deliberately, and successfully exploited the Illinois market. Bendix advertises in Illinois, solicits business from Illinois consum-

---

[1] 1st Am. Compl. ¶ 11, ECF No. 74; Bendix, *About Us* (last visited Mar. 11, 2025), https://www.bendix.com/en/about-us/. The Court may take judicial notice that Illinois is in North America. *See* Fed. R. Evid. 201.

[2] *See* 1st Am. Compl. ¶¶ 9, 11, 15, 21.

[3] *See id.* at ¶¶ 9, 11, 15.

[4] *Id.*

[5] *See, e.g.*, *id.* at ¶ 11; Ex. 1, Memo. & Ord., *Lewis Jr. v. Hirschbach Motor Lines, Inc.*, No. 3:20-cv-01355 (S.D. Ill. Sept. 19, 2024).

[6] 1st Am. Compl. ¶ 11; *see generally* Ex. 2, Ahlberg Decl.; Illinois Secretary of State, *Bendix Commercial Vehicle Systems LLC (Business Entity File No. 00671584).*

[7] *See id.*

[8] *See id.*

[9] *See id.*

ers, and sells products for use in Illinois.[10] It uses "Illinois-based" trucking companies in its marketing materials for the defective systems at issue here.[11] It provides technical training sessions in Illinois to Illinois businesses.[12] And unlike other businesses that avoid certain jurisdictions, Bendix hasn't done anything to avoid Illinois jurisdiction.

**Bendix causes injuries in Illinois.** Bendix is litigating product-defect claims in Illinois involving the Wingman Fusion System, and those claims arise from a crash in Illinois that caused severe injuries and property damage here.[13] Bendix has also litigated in this Court before.[14] And Bendix has defended itself in Illinois state courts.[15] Bendix has thus been subject to personal jurisdiction not only in federal district courts throughout Illinois but also in Illinois state courts. For good reason: its contacts with Illinois are not random; they're purposeful.

---

[10] Ex. 3, Bendix, *At Breckenridge Trucking, the Pursuit of Safety and the Realization of a Lifelong Dream* (Dec. 18, 2024); Ex. 4, Bendix, *Hoffman Transportation / G&D Trucking Builds Award-Winning Safety Record Through Skilled Drivers Supported by Bendix Technologies* (July 17, 2023).

[11] *Id.*

[12] Ex. 4 ("Bendix supports the [Illinois-based] carrier through education, conducting multiple on-site sessions at the Wenona headquarters over the years to help drivers, technicians, and other team members understand the technology."); Ex. 5, Bendix, *In-Person Training Session – June and July 2023* ("Bendix … will hold in-depth technical training sessions in … Illinois").

[13] Ex. 1, Memo. & Ord., *Lewis Jr. v. Hirschbach Motor Lines, Inc.*, No. 3:20-cv-01355 (S.D. Ill. Sept. 19, 2024).

[14] *Clement v. Lau*, No. 03C6179, 2005 U.S. Dist. LEXIS 58677, 2005 WL 8177631 (N.D. Ill. Mar. 25, 2005) (denying Bendix's "flurry of motions" because "none have merit").

[15] *Taylor v. Van Hool*, No. 14L7780 (Ill. Cir. Ct. 2016); *Derrick v. Megabus USA, LLC*, No. 12L9592 (Ill. Cir. Ct. 2016); *Stellhorn v. Megabus USA, LLC*, 14L7851 (Ill. Cir. Ct. 2016).

## Standard

In ruling on Bendix's personal-jurisdiction challenge, the Court must "take [Plaintiffs'] asserted facts as true and resolve any factual disputes in [their] favor." *NBA Props. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022) (quoting *uBID, Inc. v. GoDaddy Grp.*, 623 F.3d 421, 423–24 (7th Cir. 2010)). If the Court rules without holding an evidentiary hearing, Plaintiffs need only make a "prima facie case" for personal jurisdiction. *Id.* (quoting *Curry v. Revolution Labs.*, 949 F.3d 385, 392–93 (7th Cir. 2020)).

To that end, Plaintiffs have submitted an affidavit showing that Bendix is subject to jurisdiction here. The affidavit must be "accepted as true," and if there is any conflict in the evidence, Plaintiffs are "entitled to resolution in [their] favor." *Id.* (citing *Curry*, 949 F.3d at 393).

Personal jurisdiction is either general or specific. General jurisdiction exists in states where Bendix is "essentially at home." *Ford*, 592 U.S. at 357 (quotation omitted). Specific jurisdiction exists in states where Bendix isn't "at home" but has "'purposely directed' its activities" so long as the litigation "relate[s] to those activities." *NBA Props.*, 46 F.4th at 621 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Any exercise of jurisdiction must satisfy "traditional notions of fair play and substantial justice." *Id.* at 623 (quoting *Curry*, 949 F.3d at 398).

## Argument

**The Court has specific personal jurisdiction over Bendix because the company does business in Illinois, this lawsuit relates to that business, and exercising jurisdiction over Bendix is fair.**

The Court has specific personal jurisdiction over Bendix. For decades, Bendix has chosen to do business in Illinois. That business includes marketing and selling the defective systems at issue here—in Illinois. This lawsuit relates to the business

4

that Bendix does in Illinois. And exercising jurisdiction over Bendix is fair. So the Court should deny the motion.

### A. Bendix registers to do business in Illinois for decades, "purposely availing" itself of the privilege of doing business here.

Bendix "purposely avail[ed] itself of the privilege of conducting activities within [Illinois]" by registering to do business in Illinois. *Ford*, 592 U.S. at 359 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).[16] Bendix has chosen to do business in Illinois year after year for decades. That was its "own choice," not some "random, isolated, or fortuitous" event. *Id.* (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). There's nothing "random, isolated, or fortuitous" about registering to do business in Illinois for some 20 years straight.

Bendix may downplay that a technicality. But "[t]he truth is … a variety of 'actions of the defendant' that may seem like technicalities nonetheless can 'amount to a legal submission to the jurisdiction of a court.'" *Mallory*, 600 U.S. at 146.

More to the point, Bendix "deliberately 'reached out beyond' its home" by "'exploiting a market' in [Illinois]." *Ford*, 592 U.S. at 359 (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). For example, Bendix's marketing materials tout that one of its customers—an "Illinois-based company"—equips hundreds of trucks with the defective product at issue here.[17] Bendix also highlights its "partnership" with another "Illinois-based carrier" by "conducting multiple on-site sessions at the [Illinois] headquarters over the years."[18] That's purposeful availment.

---

[16] *Cf. Mallory v. Norfolk S. Ry.*, 600 U.S. 122 (2023) (holding that a Pennsylvania court had general personal jurisdiction over an out-of-state corporate defendant because it registered to do business in the state).

[17] Ex. 3.

[18] Ex. 4.

**B.      This lawsuit relates to Bendix's Illinois business.**

This lawsuit "relate[s] to" Bendix's "contacts with the forum." *Ford*, 592 U.S. at 361 (quoting *Bristol-Meyers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 272 (2017)). Bendix has "continuously and deliberately exploited [the Illinois] market" for the defective products at issue here, so "it must reasonably anticipate being haled into [court here]." *Id.* at 364 (quoting *Keeton*, 465 U.S. at 781). It is litigating another case in Illinois involving the same products. "So there is a strong 'relationship among the defendant, the forum, and the litigation'—the 'essential foundation' of specific jurisdiction." *Id.* at 365 (quoting *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984)).

Seventh Circuit precedent confirms what *Ford* implies: the Court has specific jurisdiction over Bendix. Take *NBA Properties v. HANWJH*, for example. 46 F.4th 614 (7th Cir. 2022). A "single sale" of merchandise through Amazon.com was enough for specific personal jurisdiction there. *Id.* at 617. It made no difference that the defendant—a China-based online retailer—had "never sold any other product to any consumer in Illinois." *Id.* at 617–18. If a single sale through Amazon.com is enough for specific jurisdiction, then hundreds of direct sales to Illinois-based trucking companies is more than enough. Another Seventh Circuit decision, *Illinois v. Hemi Group*, bears that out. 622 F.3d 754 (7th Cir. 2010). The defendant there wasn't registered to do business in Illinois, but it had a nationwide business model and sold a few hundred cigarettes to Illinois consumers. That was enough for specific jurisdiction. *See id.* As the Seventh Circuit put it in yet another case, a "business that operates on a national scale," as Bendix does, with "sales in Illinois," a "customer base in Illinois," and "advertising in Illinois" is "*unquestionably* … subject to personal jurisdiction" in Illinois for claims arising from or related to "business activities that reach into the state." *uBID*, 623 F.3d at 429 (emphasis added).

6

Bendix ignores *Ford*, *NBA Properties*, *uBID*, and *Hemi Group*. It's argument hinges instead on *Bristol-Meyers* and *Walden*. Both are readily distinguishable. Unlike Hirshbach here, the plaintiffs in *Bristol-Meyers* "were engaged in forum-shopping—suing in California because it was thought plaintiff-friendly, even though their cases had no tie to the State." *Ford*, 592 U.S. at 369–70. *Walden* likewise "has precious little to do" with this case. *Id.* at 370. Unlike Bendix here, the defendant there "had never taken any act to 'form a contact' of his own" with the forum. *Id.* (cleaned up) (quoting *Walden*, 571 U.S. at 290). In short, *Bristol-Meyers* and *Walden* "stand for nothing like the principle [Bendix] derives from them." *Id.* at 369.

At bottom, "specific jurisdiction is proper" here because Bendix "'holds itself out as open to do business in every state' and is 'ready and willing to do business with [Illinois] residents.'" *Monster Energy Co. v. Chen Wensheng*, 136 F. Supp. 3d 897, 906 (N.D. Ill. 2015) (quoting *Hemi Grp.*, 622 F.3d at 758).

### C. Exercising personal jurisdiction over Bendix satisfies "traditional notions of fair play and substantial justice."

Exercising specific personal jurisdiction over Bendix is fair and just. In doctrinal terms, it "does not offend traditional notions of fair play and substantial justice." *Ford*, 592 U.S. at 357 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "In conducting so much business in [Illinois], '[Bendix] enjoys the benefits and protections of its laws'—the enforcement of contracts, the defense of property, the resulting formation of effective markets." *Id.* at 367 (quoting *Int'l Shoe*, 326 U.S. at 319). Just as an automaker regularly marketing vehicles in a state has "clear notice" that it may be sued there, Bendix "has 'clear notice' that it will be subject to jurisdiction" here. *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

If anything, Bendix's position offends "traditional notions of fair play and substantial justice." *Compare NBA Props.*, 46 F.4th at 627 (quoting *Hemi Grp.*, 622 F.3d at 759) (listing factors for evaluating "fair play and substantial justice"). The burden on Bendix in litigating here is minimal. By contrast, Illinois has a strong interest in adjudicating this dispute because the products at issue have injured people and damaged property in Illinois. If Bendix's products haven't already killed someone in Illinois, they will. In any event, exercising jurisdiction over Bendix promotes judicial efficiency by resolving the underlying dispute at once rather than by piecemeal. And it furthers Illinois's interest in protecting its residents from the harm wrought by defective products.

## Conclusion

Nearly a century ago, Justice Robert Jackson lamented the "ease with which the foreign corporation is 'doing business' within our state for the purpose of trade, and at the same time manages not to be 'doing business' so as to be sued here."[19] The question underlying Bendix's motion—*Where is a corporation?*—also remains "a symbol of an age in which thought without roots in reality was an object of high esteem."[20] The reality is that Bendix has been deliberately doing business in Illinois for decades, and this litigation relates to that business. There's nothing unfair about exercising specific personal jurisdiction over Bendix here. So the Court should deny the motion.

---

[19] Robert H. Jackson, *What Price "Due Process"?*, 5 N.Y. L. Rev. 435, 435 (1927).

[20] Felix S. Cohen, *Transcendental Nonsense and the Functional Approach*, 35 Columbia L. Rev. 809, 811 (1935).

Dated: June 30, 2025        Respectfully submitted,

*/s/ Andre T. Tennille III*
Nicholas H. Wooten
Robert D. Cheeley
Andre T. Tennille III
Gabrielle D. Gravel
CHEELEY LAW GROUP LLC
    Suite 200
Alpharetta, Georgia 30009
(770) 814-7001
nick@cheeleylawgroup.com
bob@cheeleylawgroup.com
dre@cheeleylawgroup.com
gabby@cheeleylawgroup.com

Matthew S. Hefflefinger
Devin M. Taseff
John Bickley
CHARTWELL LAW
7707 North Knoxville Avenue
    Suite 201-A
Peoria, Illinois 61614
(309) 225-5560
mhefflefinger@chartwelllaw.com
dtaseff@chartwelllaw.com
jbickley@chartwelllaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

     I certify that today I filed the forgoing document electronically with the Clerk of Court through the Court's electronic filing system, which automatically serves all counsel of record.

*/s/ Andre T. Tennille III*