IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HIRSCHBACH MOTOR LINES, INC.; JOHN CHRISTNER TRUCKING, LLC; THREE DIAMOND LEASING, LLC; GR EQUIPMENT LEASING, INC.; SCHUSTER COMPANY; SCHUSTER ENTERPRISES, LTD.; AEG LEASING LLC; SCHUSTER COMPANY, LLC, *individually and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>NAVISTAR, INC.; PACCAR INC; and BENDIX COMMERCIAL VEHICLE SYSTEMS LLC,<br><br>Defendants. | Case No.: 1:24-cv-11979<br><br>Hon. Thomas M. Durkin<br><br>Magistrate Judge Jeffrey Cole |

## DEFENDANT PACCAR INC'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

Timothy C. Sansone, #6257469
SANDBERG PHOENIX & von GONTARD P.C.
120 S. Central Ave., Suite 1600
St. Louis, MO 63105
314-725-9100
tsansone@sandbergphoenix.com

Natalie J. Stanton, #6295170
SANDBERG PHOENIX & von GONTARD P.C.
701 Market St., Suite 600
St. Louis, MO 63101-1826
314-231-3332
314-241-7604 (Fax)
nstanton@sansbergphoenix.com

*Attorneys for Defendant PACCAR Inc*

Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b), Defendant PACCAR Inc ("PACCAR") submits its Reply in Further Support of its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint ("FAC").

Plaintiffs' Opposition (ECF 93) to PACCAR's Motion to Dismiss (ECF 85, 86) does nothing more than highlight the defects in Plaintiffs' First Amended Complaint ("FAC"). The FAC fails to state any claim against PACCAR upon which relief can be granted and should be dismissed with prejudice.

## I.     Plaintiffs Fails to State a Claim for Fraud in the Inducement (Count I)

Regarding fraudulent inducement, in their Opposition, Plaintiffs argue: "By and large, Defendants' motions to dismiss attempt to impose heightened, non-existent pleading standards upon Plaintiffs' claims as if they were required to present their case in chief from the outset." (Opposition, p. 7). They also argue that "Defendants have the exclusive possession or control [of the information] required for Plaintiffs to comprehensively answer the questions of 'who, what, when, where, why, and how' surrounding purchases of hundreds of thousands of tractors across potentially tens of thousands of buyers." (*Id.*) But, this simply is not true. Plaintiffs certainly have the knowledge of where each Plaintiff purchased their subject vehicle, which vehicle they purchased, the alleged representations and warranties that were made at the time of purchase, the date of purchase and the date the alleged representations were made, etc. Plaintiffs have provided ***none*** of that information in their Complaint.[1]

---

[1] Plaintiffs contend at least twice that "Defendants objected to Plaintiffs including more factual allegations in the Complaint." (Opposition, p. 10, 11). However, PACCAR was never asked whether Plaintiffs could provide additional factual allegations (previously deemed confidential in another court case involving Bendix and Navistar) in the Complaint, and PACCAR has not objected to any such request.

Page 2 of 7

40426190.v1

Even so, Plaintiffs contend their fraud allegations satisfy Rule 9(b) because "Defendants know who made the false statements—they did—and that they made the false statements beginning at least in April 2015." As discussed in the Motion to Dismiss, by simply alleging "they did" is not sufficient to determine *who* Plaintiff is talking about.[2] Furthermore, the April 2015 date only pertains to allegations made against the other defendants, not PACCAR. (FAC ¶ 87(c), (d)). Plaintiffs further contend in their Opposition that "Defendants know what, where, and how: They used coordinated marketing materials…." (Opposition, p. 10-11) Contending "Defendants" used coordinated marketing materials certainly does not fulfil all of the requirements of "what, where, and how." The FAC does not even allege they received the marketing materials from PACCAR, and the marketing materials are not tied to any specific purchase transactions by Plaintiffs. In short, Plaintiffs have continued to fail to provide the required details of Rule 9(b), and Count I should be dismissed.

---

[2] In a case involving multiple defendants, the complaint should inform each defendant of the nature of its alleged participation in the fraud. *Whitley v. Taylor Bean & Whitacker Mortgage Corp.*, 607 F. Supp. 2d 885, 900 (N.D. Ill. 2009). Group pleadings that lump defendants together do not comply with Rule 9(b). *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir. 1998) ("[T]he amended complaint simply treats all the defendants as one; such 'lumping together' of defendants is clearly insufficient [under Rule 9(b)]"); *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) ("A complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient.") (quotation omitted). Here, Plaintiffs' generic attribution of the purported misrepresentations to Defendants as a group does not satisfy the **"who"** requirement of Rule 9(b). *See Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777-78 (7th Cir. 1994) (Rule 9(b) requires dismissal when "the complaint lump[s] all the defendants together and [does] not specify who was involved in what activity"); *Nalco Co. v. Chen*, No. 12 C 9931, 2013 WL 4501425, at *4 (N.D. Ill. Aug. 22, 2013) (same); *Elias v. Stewart Title of Ill.*, No. 09 C 6773, 2011 WL 1157534, at *2 (N.D. Ill. Mar. 29, 2011) (dismissing fraud-based claims under Rule 9(b) because plaintiff "attribute[ed] allegations to the Defendants as a single group").

40426190.v1

## II. Plaintiffs Fails to State a Claim for Breach of Contract (Count II)

Regarding the breach of contract claim, Plaintiffs argue they "allege facts showing that they have valid and enforceable contracts with Defendants." (Opposition, p. 12) However, upon examination of the paragraphs of the FAC that they cite (¶¶ 25, 125-129), there is only one paragraph that alleges any sort of contract, but it states: "There was a contract between Plaintiffs and the class and Bendix, Paccar, and Navistar to provide power units with properly functioning FAC systems." (FAC ¶ 127). This makes it sounds as if there was a single contract between Plaintiffs, the class, and all of the Defendants. Even if this were true (which it is not), Plaintiffs have not provide any factual allegations about the contract – when it was entered into, who the parties to the contract were (other than stating all Plaintiffs, the class, and all Defendants), or which vehicle was purchased through said contract. By providing a general conclusory allegation of "a contract" that lumps all parties together, including the putative class, for the allegedly "hundreds of thousands of tractors" purchased is simply not sufficient as PACCAR cannot even ascertain which Plaintiff(s) has(ve) a claim against it, and for which product. Thus, Plaintiffs have not alleged a contract with PACCAR,[3] and Count II should be dismissed.

## III. Plaintiffs Fails to State Claims for Breach of Warranty (Counts III, IV, V)

Concerning the breach of warranty claims, Plaintiffs argue they have stated the terms of the warranties through "brochures in the complaint" and "[t]he complaint alleges that Defendants made these warranties to Plaintiffs through Navistar-branded brochures…" (Opposition, p. 15).

---

[3] If the factual details of a complaint are "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," then the complaint is subject to dismissal. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Also, Rule 8 requires a plaintiff to describe the nature of the claim against *each* defendant in sufficient detail to give *that* defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

40426190.v1

As set forth above and in the Motion to Dismiss, these brochures are not PACCAR's materials, it has not been alleged that they came from PACCAR, and they are not tied to any specific purchase by Plaintiffs. Furthermore, the alleged "affirmations of fact or promises" (FAC ¶ 136) cannot be taken as true, because as demonstrated by the FAC itself, they are contradicted by the actual statements in the brochures. *Id.* Because Plaintiffs have not established that PACCAR promised anything, Plaintiffs have not sufficiently alleged that PACCAR breached any express warranty, and this claim must be dismissed.

Finally, Plaintiff attempts to argue they did not need to give pre-suit notice (as required by the law) because Defendants had actual knowledge of the product defect. However, when discussing "actual knowledge," Plaintiffs spend two pages of their Opposition discussing why they believe Navistar and Bendix had actual knowledge (p. 17-18) and then in the last sentence of one of those paragraphs simply state: "Paccar also had actual knowledge long ago." (Opposition, p. 19). This ultimate conclusion is not supported with any factual allegations and is insufficient to allege that PACCAR had actual knowledge of any defect concerning the subject product. Accordingly, Counts III, IV, and V fail and should be dismissed.

## IV. Conclusion

For the above reasons and the reasons set forth in the Motion to Dismiss, PACCAR requests that the Court dismiss Plaintiffs' First Amended Class Action Complaint with prejudice.

40426190.v1

Dated: July 21, 2025            Respectfully submitted,

                                       SANDBERG PHOENIX & von GONTARD P.C.

By:   */s/ Natalie J. Stanton*
       Timothy C. Sansone, #6257469
       120 S. Central Ave., Suite 1600
       St. Louis, MO 63105
       314-725-9100
       tsansone@sandbergphoenix.com

       Natalie J. Stanton, #6295170
       701 Market St., Suite 600
       St. Louis, MO 63101-1826
       314-231-3332
       314-241-7604 (Fax)
       nstanton@sansbergphoenix.com

*Attorneys for Defendant PACCAR Inc*

40426190.v1

**Certificate of Service**

      The undersigned certifies that on the 21st day of July, 2025 this document was electronically filed with the Clerk of the Court, and served by operation of the Court's electronic filing system upon all counsel of record.

                                                      */s/ Natalie J. Stanton*

40426190.v1