**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HIRSCHBACH MOTOR LINES, INC.; JOHN CHRISTNER TRUCKING, LLC; THREE DIAMOND LEASING, LLC; GR EQUIPMENT LEASING, INC.; SCHUSTER COMPANY; SCHUSTER ENTERPRISES, LTD.; AEG LEASING LLC; SCHUSTER COMPANY, LLC, individually and on behalf of all others similarly situated, <br><br>                             Plaintiff, <br><br> v. <br><br> NAVISTAR, INC.; PACCAR INC.; and BENDIX COMMERCIAL VEHICLE SYSTEMS LLC, <br><br>                            Defendant. | Case No. 1:24-cv-11979 <br><br> Hon. Thomas M. Durkin <br><br> Magistrate Judge Jeffrey Cole |

**DEFENDANT INTERNATIONAL MOTORS, LLC F/K/A NAVISTAR, INC.'s[1]**
**REPLY IN SUPPORT OF MOTION TO DISMISS**
**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Robin M. Hulshizer (ARDC No. 6230994)
Kevin M. Jakopchek (ARDC No. 6317040)
Lachanda R. Reid (ARDC No. 6339567)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
robin.hulshizer@lw.com
kevin.jakopchek@lw.com
lachanda.reid@lw.com

Catherine Rizzoni (*pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
cat.rizzoni@lw.com

---

[1] Navistar, Inc. underwent a corporate reorganization and name change to International Motors, LLC ("International") effective October 1, 2024.

Adam T. Suroff (*pro hac vice*)
Anthony C. Badami (*pro hac vice*)
Swanson, Martin & Bell, LLP
Prairie Village
7501 Nall Ave., Unit 1
Prairie Village, Kansas 66208
Telephone: (314) 242-0915
asuroff@smbtrials.com
abadami@smbtrials.com

Benjamin D. Lothson (ARDC No. 6330050)
Swanson, Martin & Bell, LLP
330 N. Wabash Ave., Suite 3300
Chicago, Illinois 60611
Telephone: (312) 222-8597
blothson@smbtrial.com

*Counsel for Defendant Navistar, Inc. n/k/a
International Motors, LLC*

## <u>TABLE OF CONTENTS</u>

**Page**

I.     ARGUMENT ...................................................................................................1

    **A.**    **Plaintiffs Fail to State a Fraud in the Inducement Claim.** ...................1

        **1.**    **The FAC Does Not Satisfy Rule 9(b).** ......................................1

        **2.**    **Plaintiffs Fail to Plead the Requisite Elements of Fraud.** .......3

    **B.**    **Plaintiffs Fail to State a Breach of Contract Claim.** ...........................4

    **C.**    **Plaintiffs Fail to State Claims for Breach of Express and Implied Warranties.** ...........................................................................................6

        **1.**    **Plaintiffs Fail to Satisfy the Pre-Suit Notice Requirement** ......6

        **2.**    **Plaintiffs Fail to Plead Breach of Express Warranty.** ............7

        **3.**    **Plaintiffs Fail to Plead Breach of the Implied Warranty of Merchantability.** ...........................................................................8

        **4.**    **Plaintiffs Fail to Plead Breach of Implied Warranty for a Particular Purpose.** ..................................................................9

    **D.**    **The FAC Should Be Dismissed With Prejudice.** ................................10

II.    CONCLUSION ............................................................................................10

Plaintiffs' Consolidated Opposition to International's Motion to Dismiss simply reinforces the deficiencies in the First Amended Complaint ("FAC").  It effectively concedes that Plaintiffs did not plead the detail required to state a claim and instead argues—incorrectly—that they did not have to.  And Plaintiffs conspicuously do not respond at all to International's argument that Plaintiffs have had plenty of chances and can never state a claim.  The FAC should be dismissed with prejudice for the following reasons.

*First*, Plaintiffs fail to meet Rule 9(b)'s heightened pleading standards for fraud claims, neglecting to plead the details of any purported false representations by International and failing to plead reliance, falsity, and knowledge.  *Second*, the breach of contract claim fails because Plaintiffs never identify any specific contract they contend International breached.  *Third*, Plaintiffs' warranty claims fail because they admit they did not plead pre-suit notice and they fail to plead International's actual knowledge of a warranty claim for any particular truck.  *Fourth*, Plaintiffs' warranty claims also fail because Plaintiffs do not contend the *trucks* they purchased were unfit for their ordinary purpose of transportation, and fail to allege privity (or a valid exception) or an actionable particular purpose.  *Finally*, Plaintiffs do not respond to International's argument that they cannot allege additional detail, nor request (much less justify) leave to amend.

I.     **ARGUMENT**

    A.     **Plaintiffs Fail to State a Fraud in the Inducement Claim.**

        1.     <u>**The FAC Does Not Satisfy Rule 9(b).**</u>

Rule 9(b) requires Plaintiffs to "describe the 'who, what, when, where, and how' of the fraud."  *Putzier v. Ace Hardware Corp.*, 50 F. Supp. 3d 964, 987 (N.D. Ill. 2014).  As International's Motion explained, the only "representations" the FAC identifies are the brochures it attached.  *See* Dkt. 88 at 5.  But those brochures expressly state they were published by Bendix, *not International*.  *Id.*  Plaintiffs bury their heads in the sand, focusing on their allegation that, on

"information and belief," the "Defendants" engaged in a "coordinated marketing campaign." Dkt. 93 ("Opp.") at 11; Dkt. 74 ("FAC") ¶ 33. But Plaintiffs ignore that "information and belief" allegations do not satisfy Rule 9(b). *See* Mot. at 5. And Plaintiffs point to nothing in the FAC that informs what this purported "coordinated marketing campaign" is, International's role in it, or how such a role could make International liable. It's just a vague three-word phrase. Did International provide the brochures to Plaintiffs? Author or review them? Even know about them? The FAC is devoid of detail and such collective "defendant" pleading does not satisfy Rule 9(b). *See Vicom, Inc. v. Harbridge Merch. Servs.*, 20 F.3d 771, 778 (7th Cir. 1994) (collective allegations of fraud fail to "reasonably notify the defendants of their purported role").

In fact, Plaintiffs concede the FAC lacks the requisite detail, stating in a conclusory manner that "Plaintiffs' fraud allegations satisfy Rule 9(b)," Opp. at 11, because "as a matter of common sense," discovery is required for them to answer the questions of "who, what, when, where, why and how," *id.* at 7. But common sense tells us the opposite: "Plaintiffs clearly can identify what they received and when" without the need for discovery or allegations on "information and belief." Mot. at 5. And here, the law and common sense are in accord. It is Plaintiffs' burden to identify the "specific misrepresentation [they] saw, the date [they] saw it, and where [they] saw it." *Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 738 (N.D. Ill. 2015).

Plaintiffs do not meet their burden as the FAC never alleges a representation by International and never alleges that they received, reviewed, and relied on the brochures, much less the time, place, or method the brochures were provided. *Putzier*, 50 F. Supp. 3d at 987 (rejecting plaintiffs' argument that they cannot plead with specificity because facts about the defendant's misrepresentations are within plaintiffs' knowledge or control). For these reasons alone, Plaintiffs' fraud claim should be dismissed.

2. **Plaintiffs Fail to Plead the Requisite Elements of Fraud.**

The Opposition similarly fails to refute International's arguments that Plaintiffs failed to allege (1) Plaintiffs' reliance on any representations; (2) the falsity of those representations, or (3) International's knowledge of falsity. Mot. at 6-8.

*Reliance.* International's Motion argued that in addition to failing to plead the details of their receipt of any representations, the FAC's failure to plead what products they purchased, when, and from whom means they had not plead reliance. *See* Mot at 5-6. Without these details, Plaintiffs cannot show whether they actually and reasonably relied on any of the brochures. For instance, Plaintiffs could not have reasonably relied on a 2021 brochure to purchase an International vehicle in 2018, or to purchase a 2022 PACCAR vehicle. *See* Mot. at 6 (citing *e.g.*, *Ibarolla v. Nutrex Research Inc.*, 2012 WL 5381236, at \*2 (N.D. Ill. Oct. 31, 2012) ("Without specifying which product she actually purchased," the court could not determine which "misrepresentations Plaintiff relied on.")). Plaintiffs do not respond to this point, or plausibly explain how they could plead reliance without identifying this information.

*Falsity.* Even assuming the FAC identifies brochures from International—it does not—International's Motion also pointed out that the FAC's characterization of the "representations" differs from the actual written statements. *See* Mot. at 6–7. Contrary to the Opposition (and the FAC), there is no guarantee that the "systems would provide 3- to 3.5-second warnings." Opp. at 11. The actual text contains conditional language—"*[w]hen* Bendix Wingman Fusion can *definitively identify* the large, stationary object as a vehicle, the system will alert the driver with *up to* 3.5 seconds notice." Dkt. 74-3 at 3, fig. b; 74-4 at 3, fig. b. And it is the actual language that controls. Mot. at 7, n. 4 (citing *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013)). Plaintiffs cannot assert a fraud claim on the grounds that a product failed to perform in a manner Defendants never represented it would. *See Castaneda v. Amazon.com, Inc.*, 679 F. Supp. 3d 739, 749 (N.D.

3

Ill. 2023) (dismissing fraud claim based on a device breaking in six months absent an allegation that "Amazon made a false statement that the machine would not break").

***Knowledge.*** Plaintiffs' mischaracterization also shows why the FAC fails to allege knowledge, which may be alleged generally but still must be alleged plausibly. *See Tricontinental Ind., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007) (affirming dismissal where allegations did not "afford a basis for believing that plaintiffs could prove [knowledge]"). Plaintiffs contend they pled knowledge because "[t]est results and emails from 2015 show that Defendants knew the systems were defective." Opp. at 12. Plaintiffs allege **one** test detected 50-70% of stationary objects but the systems' "cone of vision" was too narrow to detect **all** objects. FAC ¶¶ 52, 55. But, again, the brochures contain no representation that the systems would detect **all** (or even more than 70% of) objects. Put simply, without an actual representation of perfection, the FAC's allegations do not show falsity or knowledge. *See Aquino v. C.R. Bard, Inc.*, 413 F. Supp. 3d 770, 791 (N.D. Ill. 2019) (Durkin, J.) (noting brochure's assertion of "resistance" to a particular issue "does not mean that the issue will not occur").[2]

## B.  Plaintiffs Fail to State a Breach of Contract Claim.

Plaintiffs admit that the FAC does not identify any specific contract or even contract terms that Plaintiffs allege were breached. Instead, Plaintiffs argue that alleging that a contract exists and that it was breached is enough. *See* Opp. at 12-13. Plaintiffs are wrong.

Plaintiffs rely on FAC ¶¶ 25 and 125–129 to argue they sufficiently plead a breach of contract. *See* Opp. at 12, 14. But Paragraph 25 does not mention the word contract, and Paragraphs

---

[2] Plaintiffs contend Defendants "objected" to Plaintiffs "alleging more facts showing [Defendants'] fraudulent intent." Opp. at 10, 12. No, International declined to consent to Plaintiffs attaching confidential documents subject to a Protective Order in *Lewis v. Hirschbach Motor Lines, Inc. et al.*, No. 3:20-cv-01355-JPG, without modifying that Protective Order to include Attorneys' Eyes' Only provisions that account for the fact that Plaintiff has sued two competitors in this action.

125–129 contain a rote recitation of legal elements and the conclusion that "*[t]here was a contract* between Plaintiffs and the class and Bendix, Paccar, and Navistar to provide power units with properly functioning FCA systems." FAC ¶ 127 (emphasis added). Plaintiffs then cherry-pick quotations about "fair notice" without identifying a single case holding that allegations as threadbare as theirs satisfy that standard. *See* Opp. at 12–14. The FAC's allegations, however, are equivalent to those dismissed in *Montgomery v. Scialla Assocs., Inc.,* 2016 WL 7116585 (N.D. Ill. Dec. 7, 2016). There, the court dismissed a contract claim where plaintiff alleged defendant "signed an agreement" and then breached it "but fail[ed] to attach the contract to her complaint or to identify: (1) the parties to the alleged contract(s); (2) when the contract was signed; (3) or the relevant terms of the contract." *Id.* at *6; *see also MSR Tech. Grp., LLC v. VistaTech, Inc.*, 2025 WL 1744730, at *4 (N.D. Ill. Mar. 17, 2025) (finding "[b]roadly referring to unspecific contracts" is insufficient to put Defendant on notice").[3]

Plaintiffs' "practical" argument is a strawman. They contend that it would be burdensome to attach "tens of thousands" of contracts. Opp. at 13. Putting aside the "*a contract*" versus "tens of thousands" contradiction, International never suggested the FAC "must attach each individualized contract." Opp. at 13; *but see* Mot. at 8–10. Attaching the contract Plaintiffs alleged they entered, or an exemplar of the tens of thousands they now say exist, is certainly one approach. But at bottom International simply argued—in line with the law described above—that Plaintiffs

---

[3] Plaintiffs incorrectly argue they alleged more detail than the claims dismissed in *Bandurin v. Aeroflot Russian Airlines,* 2020 WL 362781, at *11 (N.D. Ill. Jan. 22, 2020). *See* Opp. at 13. In *Bandurin*, the plaintiffs alleged there was a "binding legal contract for international airfare transportation"—a virtually indistinguishable allegation from "*there was a contract*"—that the court held insufficient. *See Bandurin*, 2020 WL 362781, at *11.

must allege detail sufficient to "identify what contracts they refer to" and the terms breached. Mot. at 9. Their failure to do so bars their claim. *See Montgomery,* 2016 WL 7116585, at *6.[4]

### C. Plaintiffs Fail to State Claims for Breach of Express and Implied Warranties.

### 1. Plaintiffs Fail to Satisfy the Pre-Suit Notice Requirement.

Despite what Plaintiffs claim, the requirement to provide pre-suit notice for breach of warranty is not a "technicality," Opp. at 16, but rather "provide[s] a seller an opportunity to cure a defect and minimize damages, protect his ability to investigate a breach and gather evidence, and to encourage negotiation and settlement." *Maldonado v. Creative Woodworking Concepts, Inc.*, 694 N.E.2d 1021, 1025 (Ill. App. Ct. 1998).

Plaintiffs concede they did not provide pre-suit notice, and instead attempt to rely on the "actual knowledge" exception.[5] But Illinois law is clear that such exception does not apply unless "the manufacturer is somehow apprised of the trouble with the ***particular product*** purchased by a ***particular buyer***." *Connick v. Suzuki Motor Co. Ltd.*, 675 N.E.2d 584, 590 (1996) (emphasis added). A plaintiff must "tell[] a manufacturer that Bob's vehicle has a problem." *Gurrola v. Ford Motor Co.*, 774 F. Supp. 3d 959, 971 (N.D. Ill. 2025); *see also Rodriguez v. Ford Motor Co.*, 596 F. Supp. 3d 1050, 1055 (N.D. Ill. 2022) (Durkin, J.) (notice must "apprise[] of the trouble with the ***particular product*** purchased by a ***particular buyer***") (emphasis added).

Plaintiffs contend International has actual knowledge through (1) the *Lewis* litigation[6]; (2)

---

[4] Plaintiffs also attempt to handwave their failure to plead substantial performance by claiming "whether a party has substantially performed is a question of fact." Opp. at 14. But "that an element of a claim presents an issue of fact does not excuse Plaintiffs' obligation to allege sufficient facts to establish that element." *Dachev v. Rich Am., Inc.*, 2019 WL 423192, at *6 (N.D. Ill. Feb. 4, 2019).

[5] Plaintiffs acknowledge that filing a lawsuit may satisfy notice ***only in personal injury claims***. *See* Opp. at 17 n.7. Plaintiffs allege purely economic damages, not personal injury. *See* FAC ¶¶ 81, 88, 91, 99.

[6] At most, the *Lewis* lawsuit could have only given notice as to the particular truck at issue in *Lewis*, and that truck is not—and due to the prohibition on claims splitting, could not be—the basis for Plaintiffs' action here. *See Scholz v. United States*, 18 F.4th 941, 951 (dismissing claims for that reason).

being listed as a purchaser in a ***Bendix*** safety recall report; and (3) the 2015 testing. *See* Opp. at 16. However, none of these proposed excuses for actual notice identify either a particular product or a particular purchaser and, at most, might inform International of a defect in a Bendix ***product line***. That is not sufficient under Illinois law. The distinction Plaintiffs attempt to draw—that the Bendix systems are "a complete failure of its emergency breaking system … in *every* unit sold … to *every* buyer," Opp. at 18—is not a distinction at all, much less the "granular[]" and "specific[]" notice required by Illinois law. Opp. at 18 (citing *Gurrola*, 774 F. Supp. 3d at 971); *see also Rodriguez*, 596 F. Supp. 3d at 1054–55 (allegations Ford tested the product line over "ten years" and received negative customer reviews insufficient to allege pre-suit notice).

All of Plaintiffs' warranty claims should be dismissed.

### 2. Plaintiffs Fail to Plead Breach of Express Warranty.

In its Motion, International explained that Plaintiffs' breach of express warranty claim must be dismissed because the FAC never identifies the specific warranty that was made, or by whom or to whom, but only alleges generic characterizations about purported "affirmations of fact or promises." Mot. at 11. In response, Plaintiffs punt to the same Bendix brochures along with the mysterious "coordinated marketing campaign" Plaintiffs rely on for purported fraud. *See* Opp. at 14–15. Plaintiffs' express warranty claim thus fails for similar reasons. *See supra* Section A.1.

***First***, the brochures were created and published by Bendix and, therefore, are not International's statements. Neither the FAC nor Plaintiffs' Opposition ever make such a claim and, in fact, never identify any specific promise made by International. In order to survive a motion to dismiss, however, Plaintiffs must "tether specific statements" directly to International to state an express warranty claim. *Baldwin*, 78 F. Supp. 3d at 740 (defendant "must identify *specific*

representations made by *specific* Defendants).[7]  ***Second***, the statements in the brochures are not actionable.  They say the Bendix systems ***may*** provide alerts and mitigate collisions ***under certain conditions***, not that the systems will ***always*** detect objects and prevent crashes.  *See supra* Section A.2.  ***Third***, Plaintiffs fail to allege they actually received the brochures such that the statements formed the basis of the bargain. *Berarov v. Archers-Daniels-Midland Comp.*, 2019 WL 277717, at *10 (N.D. Ill. 2019) (dismissing express warranty claim for this reason).  Because Plaintiffs cannot allege the brochures' actual statements are false or that they received them, their express warranty claim fails.  *See Sneed v. Ferrero U.S.A., Inc.*, 656 F. Supp. 3d 777, 785 (N.D. Ill. 2023).

### 3.    Plaintiffs Fail to Plead Breach of the Implied Warranty of Merchantability.

In an attempt to avoid dismissal on its claims for breach of implied warranty of merchantability, Plaintiffs try to overcomplicate International's straightforward argument from its Motion.  In short, International argued Plaintiffs' claim should be dismissed because the FAC (1) never alleges that International's trucks were not "fit for their ordinary purpose" and (2) never establishes privity with International, a required element.  *See* Mot. at 12–13.

***First***, the FAC does not allege (and Plaintiffs do not contend) that International's trucks were not fit for their ordinary purpose, *i.e.* the transport of goods.  *See Higgins v. Yamaha Motor Corp.*, 741 F. Supp. 3d 768, 775 (N.D. Ill. 2024) (dismissing implied warranty of merchantability claim where plaintiff could still use watercraft despite defective fuel gauge).  Instead, Plaintiffs break away from the FAC that centers their claim around the trucks and claim instead that the ***Bendix systems*** are unfit for their ordinary purpose. *Compare* FAC ¶ 146 ("The defective power

---

[7] *Rosenstern*, the case Plaintiffs cite, is distinguishable.  *See* Opp. at 15, n.5.  There, the plaintiff plead the defendant's promotional activities with much greater specificity, alleging the defendant made statements "through conventions for medical professionals," "package inserts," and promotional statements to "medical trade journals" and "mass-market publications"  *Rosenstern v. Allergan, Inc.*, 987 F. Supp. 2d 795, 805 (N.D. Ill. 2013).  Moreover, the plaintiff directly attributed the statements to the defendant.  *Id.*

units were bought and sold subject to the implied warranty of merchantability."), *with* Opp. at 19. Plaintiffs create more problems than they sought to solve. At the outset, a warranty is "implied in a contract **for their sale** if the seller is a merchant with respect to **goods of that kind**." 810 Ill. Comp. Stat. 5/2–314. The FAC neither pleads contracts for the sale of Bendix systems (as opposed to trucks) or that International—manufacturer and distributor of trucks and buses, FAC ¶ 15—is a "merchant" with respect to the Bendix systems. To state a claim against International, Plaintiffs must allege facts showing the **trucks** are unfit for their ordinary purpose—transportation—and Plaintiffs do not respond to International's argument that they do not.

**Second**, Plaintiffs argue they need not allege privity because Defendants "knew the identity, purpose, and requirements of the dealer's customers and manufactured or delivered goods specifically to meet those requirements," *i.e.*, that Illinois' limited third-party beneficiary exception to privity applies. Opp. at 19. But without alleging the details of their purchases, Plaintiffs do not plead **any** relationship with **any** Defendant, much less that International "knew" of their identities, purposes, and requirements. "[T]he third-party-beneficiary exception is about the requirements of a **particular** customer, not the requirements of customers generally." *Gurrola*, 774 F. Supp. 3d at 978 (emphasis added). Plaintiffs fail to make any such allegations.

### 4. Plaintiffs Fail to Plead Breach of Implied Warranty for a Particular Purpose.

Plaintiffs' breach of implied warranty for a particular purpose claim remains deficient for several reasons. **First**, as International argued, compliance with the FMCSR is not an atypical purpose for the trucks. *See CHS Acquisition Corp. v. Watson Coatings, Inc.*, 2018 WL 3970137, at *6 (N.D. Ill. Aug. 20, 2018) (dismissing claim where plaintiff did not identify "any non-ordinary use" of the product). Plaintiffs maintain compliance with the FMCSR is "different" due to "heightened liability, duties, and licensing." Opp. at 22. But this vague statement fails to explain

how compliance with federal laws is an "atypical purpose." *Ali v. Volkswagen Grp. of Am., Inc.*, 559 F.Supp.3d 723, 735–36 (N.D. Ill. 2021) ("A particular purpose" contemplates "a specific use by the buyer which is peculiar to the nature of his business."). ***Second***, Plaintiffs' conclusory assertion that International "had reason to know" of the particular purpose and their "threadbare allegation" that Plaintiffs relied on International's skill or judgment in purchasing the trucks are both insufficient to state a claim. *Bayer HealthCare LLC v. Aeropres Corp.*, 767 F. Supp. 3d 810, 819 (N.D. Ill. 2025) (dismissing implied warranty claim for this reason). ***Third***, Plaintiffs entirely fail to address International's argument that Plaintiffs did not plead the trucks were not fit for said particular purpose—the trucks are not alleged to either have violated or raised any reasonable concerns they violated any federal regulations.

### D.    The FAC Should Be Dismissed With Prejudice.

On three instances (during pre-motion meet-and-confers, in its first motion to dismiss, and in the instant motion), International has expended resources explaining the defects in Plaintiffs' claims. *See* Mot. at 14–15. If they existed, the details required to support plausible claims—their purchases, their contracts, the representations they received and relied on—would all lie within Plaintiffs' control. Plaintiffs repeatedly refuse to allege such details because, as International explained, the details do not exist for Plaintiffs to plausibly state a claim, and dismissal should be ***with prejudice***. *Id.* Plaintiffs do not respond and by "fail[ing] to develop arguments related to a discrete issue," Plaintiffs effectively abandoned any argument for leave to amend. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (recognizing "longstanding" rule that "a person waives an argument by failing to make it before the district court").

## II.    CONCLUSION

For the foregoing reasons, Plaintiffs' claims against International should be dismissed with prejudice.

Dated: July 21, 2025

Respectfully submitted,

*/s/ Kevin M. Jakopchek*
Robin M. Hulshizer (ARDC No. 6230994)
Kevin M. Jakopchek (ARDC No. 6317040)
Lachanda R. Reid (ARDC No. 6339567)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
robin.hulshizer@lw.com
kevin.jakopchek@lw.com
lachanda.reid@lw.com

Catherine Rizzoni (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
cat.rizzoni@lw.com

Adam T. Suroff (*pro hac vice*)
Swanson, Martin & Bell, LLP
Prairie Village
7501 Nall Ave., Unit 1
Prairie Village, Kansas 66208
Telephone: (314) 242-0915
asuroff@smbtrials.com

Benjamin D. Lothson (ARDC No. 6330050)
Swanson, Martin & Bell, LLP
330 N. Wabash Ave., Suite 3300
Chicago, Illinois 60611
Telephone: (312) 222-8597
blothson@smbtrial.com

*Counsel for Defendant Navistar, Inc. n/k/a*
*International Motors, LLC*