IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HIRSCHBACH MOTOR LINES, INC.; JOHN CHRISTNER TRUCKING, LLC; THREE DIAMOND LEASING, LLC; GR EQUIPMENT LEASING, INC.; SCHUSTER COMPANY; SCHUSTER ENTERPRISES, LTD.; AEG LEASING LLC; SCHUSTER COMPANY, LLC, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>NAVISTAR, INC.; PACCAR INC.; and BENDIX COMMERCIAL VEHICLE SYSTEMS LLC,<br><br>      Defendant. | Case No. 1:24-cv-11979<br><br>Hon. Thomas M. Durkin<br><br>Magistrate Judge Jeffrey Cole |

**DEFENDANT INTERNATIONAL MOTORS, LLC F/K/A NAVISTAR, INC.'S[1] AND DEFENDANT PACCAR INC.'S REPLY IN SUPPORT OF JOINT MOTION TO STRIKE CLASS ALLEGATIONS IN THE FIRST AMENDED CLASS ACTION COMPLAINT**

Robin M. Hulshizer (ARDC No. 6230994)
Kevin M. Jakopchek (ARDC No. 6317040)
Lachanda R. Reid (ARDC No. 6339567)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
robin.hulshizer@lw.com
kevin.jakopchek@lw.com
lachanda.reid@lw.com

Catherine Rizzoni (*pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

---

[1] Navistar, Inc. underwent a corporate reorganization and name change to International Motors, LLC ("International") effective October 1, 2024.

cat.rizzoni@lw.com

Adam T. Suroff (*pro hac vice*)
Anthony C. Badami (*pro hac vice*)
Swanson, Martin & Bell, LLP
Prairie Village
7501 Nall Ave., Unit 1
Prairie Village, Kansas 66208
Telephone: (314) 242-0915
asuroff@smbtrials.com
abadami@smbtrials.com

Benjamin D. Lothson (ARDC No. 6330050)
Swanson, Martin & Bell, LLP
330 N. Wabash Ave., Suite 3300
Chicago, Illinois 60611
Telephone: (312) 222-8597
blothson@smbtrial.com

*Counsel for Defendant Navistar, Inc. n/k/a International Motors, LLC*

Timothy C. Sansone (ARDC No. 6257469)
SANDBERG PHOENIX & von GONTARD P.C.
120 S. Central Ave., Suite 1600
Clayton, MO 63105
(314) 725-9100
tsansone@sandbergphoenix.com

Natalie J. Stanton (ARDC No. 6295170)
SANDBERG PHOENIX & von GONTARD P.C.
701 Market St., Suite 600
St. Louis, MO 63101-1826
(314) 231-3332
Facsimile: (314) 241-7604
nstanton@sansbergphoenix.com

*Counsel for Defendant PACCAR Inc.*

**TABLE OF CONTENTS**

**Page**

I. ARGUMENT ...................................................................................................................2

    A. Courts Strike Class Allegations When Pleadings Show a Class Cannot Be Maintained—No "Complete Legal Bar" Is Required .............................................2

    B. On Its Face, the FAC Demonstrates that a Class Action Is Not a Superior Means of Resolving Plaintiffs' Claims .................................................................3

    C. The *MaxxForce* Engine Class Settlement Does Not Preclude Striking Plaintiffs' Class Allegations ..................................................................................4

    D. Plaintiffs' Individualized Choice-of-Law Inquiries Cannot Be Saved by Discovery or Subclasses .......................................................................................6

    E. Individualized Questions Predominate ..................................................................9

II. CONCLUSION ..............................................................................................................10

Defendants International and PACCAR moved to strike Plaintiffs' putative class—which purports to cover a ***nation*** of purchasers, a ***decade*** of time, ***two*** separate truck (competitor) manufacturers, an ***unidentified number*** of truck models, and ***17*** possible "defects" in ***two*** different systems manufactured by a third company, Bendix. *See* Dkt. 90 ("Motion" or "Mot."). Plaintiffs claim that they themselves have purchased "thousands of [trucks]" and have "millions of dollars" in damages and that the proposed class has suffered in "***hundreds of millions of dollars*** in damage." First Amended Complaint ("FAC"), Dkt. 74 at 2-3 (emphasis added). These stunning alleged individual and cumulative damages purportedly result from vehicle crashes and include (i) costs of defending crash claims, (ii) monies spent from making out-of-pocket payments for self-insured retention, self-insurance, deductibles, claim payments, property damage, attorneys fees and costs, and increased costs of insurance, and (iii) monies lost in time and revenue. FAC ¶¶ 91, 99.

As the Motion explained, the face of the FAC shows Rule 23 cannot be met: (1) class certification is not a "superior" method to adjudicate Plaintiffs' claims and (2) individual issues "predominate" over common ones. *See* Mot. at 5-15.

Plaintiffs' Opposition (Dkt. 92) ("Opp.") does not address either of these issues head on. Instead, it simply: (1) mischaracterizes the standard for striking class allegations, (2) completely ignores Rule 23's superiority requirement, (3) conflates negotiated class settlements with disputed class certification, and (4) gins up purported "common" questions without thought to whether those questions are answerable through common proof or whether, even if common, such questions would predominate.

These deflection tactics cannot cure the FAC's myriad of deficiencies, and the Court should strike the FAC's class allegations with prejudice.

I.   **ARGUMENT**

   A.   **Courts Strike Class Allegations When Pleadings Show a Class Cannot Be Maintained—No "Complete Legal Bar" Is Required**

Rule 23 directs district courts to address certification issues "[a]t an early practicable time," and this rule "plainly indicates that the court may decide to reject a plaintiff's attempt to represent a class as soon as it becomes obvious that the plaintiff will be unable to satisfy Rule 23," which may be "evident on the face of the complaint." *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829-30 (N.D. Ill. 2013). But, contrary to Plaintiffs' claim, Defendants need not show a "complete legal bar" or "impossibility" to class certification to strike Plaintiffs' allegations (Opp. at 4, 7, 9, 14); only that the FAC is facially defective. *See Daly v. Glanbia Performance Nutrition, Inc.*, 2023 WL 5647232, at *9 (N.D. Ill. Aug. 31, 2023) (granting motion to strike class allegations at the pleadings stage); *Pumputiena v. Deutsche Lufthansa, AG*, 2017 WL 66823, at *10-11 (N.D. Ill. Jan. 6, 2017) (same).[2]

The FAC presents exactly the sort of instance that warrants striking class allegations. In *Daly*, for example, the court struck nationwide class allegations on common law claims including fraud related to misleadingly packaged goods, because under Illinois' test for choice of law, each class member "will be governed by the law of the state where they purchased" and thus a class "would be unmanageable." 2023 WL 5647232, at *3-4. And in *Pumputiena*, the court struck a putative class alleging damages and breach of contract because "the liability determination for each [plaintiff] . . . [was] fraught with individualized issues" and "affirmative defenses [would]

---

[2] *See also*, *e.g.*, *Habich v. Exelon Corp.*, 2023 WL 11229316, at *6 (N.D. Ill. Sept. 28, 2023); *Harris v. Rust-Oleum Corp.,* 2022 WL 952743, at *3 (N.D. Ill. Mar. 30, 2022); *Day v. Humana Ins. Co.*, 335 F.R.D. 181, 197 (N.D. Ill. 2020); *Jones v. BRG Sports, Inc.*, 2019 WL 3554374, at *6, *9 (N.D. Ill. Aug. 1, 2019); *Am.'s Health & Res. Center Ltd. v. Alcon Lab'ys, Inc.*, 2018 WL 11189391, at *4 (N.D. Ill. June 15, 2018); *A Custom Heating & Air Conditioning, Inc. v. Kabbage, Inc.*, 2018 WL 488257, at *5 (N.D. Ill. Jan. 18, 2018);; *Hill*, 946 F. Supp. at 834; *Wright v. Family Dollar, Inc.*, 2010 WL 4962838, at *4 (N.D. Ill. Nov. 30, 2010); *Hylaszek v. Aetna Life Ins. Co.*, 1998 WL 381064, at *7 (N.D. Ill. July 1, 1989).

require a person-by-person evaluation of conduct." 2017 WL 66823, at *9-10. Here, the answers to the proffered common question of "[w]hether the Wingman Systems in question fail[ed] to perform" (Opp. at 10) will differ on a plaintiff-by-plaintiff basis and cannot possibly be answered "across the hundreds of thousands of [alleged accidents] since [2015]." 2017 WL 66823, at *10. Indeed, the Court need go no further than the fact that the FAC requires individualized determinations as to responsibility for accidents and seeks individualized damages such as lost revenue and out-of-pocket payments to justify striking the class allegations here.

Plaintiffs' response is to try—without any support—to switch the burden, arguing that Defendants "fail to satisfy their heightened burden of showing a complete legal bar to class certification." Opp. at 4. However, courts in this district have held that "the ***burden remains on the plaintiff*** to establish that the suit may be maintained as a class action." *Wright*, 2010 WL 4962838, at *2 (emphasis added); *see also Day*, 335 F.R.D. at 198 ("A motion to strike class allegations is analyzed under [Rule] 23. As on a motion for class certification, the ***plaintiff bears the burden of showing class certification is appropriate***.") (emphasis added). "In determining whether class certification is appropriate, a district court does not presume that all well-pleaded allegations are true and can look beneath the surface of a complaint to conduct the inquiries Rule 23 requires." *Wright*, 2010 WL 4962838, at *2. Those inquiries show the FAC's class allegations should be struck.

    **B.**    **On Its Face, the FAC Demonstrates that a Class Action Is Not a Superior Means of Resolving Plaintiffs' Claims**

A class action is not "superior" where class members have large monetary claims and thus an interest in controlling their claims. *See* Mot. at 5-6, 13-15 (citing *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1086 (7th Cir. 2014) and other cases). When evaluating superiority, a court considers: "(A) the class members' interests in individually controlling the prosecution or defense of separate

3

actions . . . and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

Here, Plaintiffs plead themselves out of class treatment. ***First***, Plaintiffs, who are large corporate trucking companies, allege they purchased "thousands" of trucks over a span of ten years and incurred "millions" of dollars in economic damages. FAC ¶¶ 25, 88. The FAC also alleges that class members themselves have incurred "***hundreds of millions***" in damages caused by the alleged defects. *Id.* ¶ 89 (emphasis added). Where there are "substantial individual claims worth tens of thousands of dollars or more, class members obviously have an important interest in bringing individual actions," which defeats superiority. *Cima v. WellPoint Health Networks, Inc.*, 250 F.R.D. 374, 384 (S.D. Ill. 2008). ***Second***, as noted, determining each individual class member's damages would necessarily be a highly individualized inquiry, making the class action litigation unmanageable. Plaintiffs' class allegations assert eight different bases for economic damages, including in part, "property damage," "lost time and revenue," and "costs of litigation arising from foreseeable and avoidable rear end crashes." FAC ¶ 99. Proving these kinds of damages would involve different evidence and unique defenses for each plaintiff. "A single litigation addressing every complication in every model of [product] . . . over the course of [many] years, as well as the unique problems of each plaintiff, would present a nearly insurmountable burden" on this Court. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1085 (6th Cir. 1996) (decertifying class in nationwide products liability case).

Plaintiffs do not address superiority at all, because their allegations facially defeat Rule 23(b)(3)'s requirement and justify striking Plaintiffs' class allegations.

### C. The *MaxxForce* Engine Class Settlement Does Not Preclude Striking Plaintiffs' Class Allegations

Plaintiffs' main fallback is that their purported class must be appropriate because International previously entered a class settlement in a separate dispute involving heavy-duty

4

trucks that included a purported defectively designed emissions system. *See* Opp. at 2, 11-12 (citing *In re Navistar MaxxForce Engines Mktg.*, 2020 WL 14032639 (N.D. Ill. Jan. 21, 2020)). Plaintiffs are wrong.

***First***, the *MaxxForce* court's preliminary and final approval orders expressly preclude using the settlement or the orders for "any other purpose" in any other proceedings. *See In re Navistar MaxxForce Engines Mktg.*, 2020 WL 2477955, at *6 ("Nothing contained in the Settlement Agreement, any documents relating to the Settlement, this Court's preliminary approval order, or this Final Order and Judgment shall be construed, deemed, or offered as an admission by any of the Settling Parties or any other person or entity for any purpose in any judicial or administrative action or proceeding of any kind, whether in law or equity); Preliminary Approval Order, *In re Navistar MaxxForce Engines Mktg.*, No. 1:14-CV-10318, (N.D. Ill. Jan. 21, 2020), Dkt. 648 ¶ 38 ("[T]he fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement . . . shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court."). Even without the express prohibition, it is impossible to square the public policy favoring settlement (and Rule 408) with the chilling effect that would result if plaintiffs could point to class settlements regarding different products to justify class treatment of new claims.

***Second***, "[w]hether trial would present intractable management problems, *see* Rule 23(b)(3)(D) [regarding superiority], is not a consideration when settlement-only certification is requested…." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 593 (1997). And thus, while variations in state laws preclude certification ***for litigation***, "variations in state laws are not obstacles to certification ***in the settlement context***." *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Inj. Litig.*, 314 F.R.D. 580, 596, n. 15 (N.D. Ill. 2016) (emphasis added;

5

collecting cases). Thus, even if it were permissible to draw any conclusions from the settlement (it is not), the settlement still would not support certification here.

Indeed, in *MaxxForce*, the plaintiffs' memorandum in support of preliminary settlement acknowledged that without settlement, "[c]lass certification would have been hotly disputed, because Navistar would likely argue that Class Members' varying maintenance and use patterns impact performance in individualized ways" and that "Plaintiffs faced significant risks to class certification." No. 1:14-cv-10318 (N.D. Ill.), Dkt. 632 at 14-15. Though Plaintiffs characterize the order as "provid[ing] ample reasoning for [the court's] conclusion that Rule 23 class requirements were satisfied," Opp. at 12, there was no specific justification for superiority, because the court was not required to analyze manageability. *See In re Navistar MaxxForce Engines Mktg.*, 2020 WL 2477955, at *2. Certification was "for settlement purposes" only. *Id.* at *1.[3]

### D. Plaintiffs' Individualized Choice-of-Law Inquiries Cannot Be Saved by Discovery or Subclasses

Plaintiffs' Opposition asserts it is premature to strike class allegations prior to class discovery, and that in any event, conflicts of laws can be addressed through subclasses. Opp. at 5-7. Though that may be an approach for certain cases, Plaintiffs' cited authorities acknowledge that striking class allegations *is* appropriate in situations—as here—where the pleading's allegations facially require individualized inquiries and/or defeat superiority.[4]

---

[3] In any event, the *MaxxForce* operative complaint was much tighter than what Plaintiffs allege here. In *MaxxForce*, the claims were limited to two Navistar engines over a four-year time span, not thousands of models from two manufacturers spanning over a decade. *See, e.g.*, No. 1:14-cv-10318 (N.D. Ill.), Third Am. Compl. (Dkt. 637), ("*MaxxForce* TAC"). In the *MaxxForce* TAC, the plaintiffs attached Navistar's relevant warranties as exhibits. *Id.* ¶ 450. The *MaxxForce* TAC also alleged 14 common questions of fact and nine common questions of law, *see id.* ¶ 440; whereas here, the FAC has zero common questions. Finally, in contrast to Plaintiffs here, the *MaxxForce* TAC specifically "[did] not seek to certify any individualized damages issues of lost profits." *Id.* ¶ 437. Thus, the Court should not put any stock into International's previous class settlement, which is irrelevant as a matter of law and distinguishable as a matter of fact.

[4] *See Flaherty v. Clinique Labs. LLC*, 2021 U.S. Dist. LEXIS 219455 at *20 (N.D. Ill. Nov. 15, 2021)

6

Plaintiffs try to muddy the waters by asserting only a "select few" states' laws may apply based on Illinois' "most significant relationship" test and the lack of discovery into where "Defendants' system and tractors were designed, programed [sic], manufactured, assembled, etc. along with where and how it was deceptively marketed to motor carriers." Opp. at 5. However, under Illinois law, "the law of the *place of the injury* controls unless Illinois has a more significant relationship with the occurrence and with the parties." *Cowen v. Lenny & Larry's, Inc.*, 2017 WL 4572201, at *4 (N.D. Ill. Oct. 12, 2017) (granting motion to strike where applying the warranty and misrepresentation laws of 50 different states, ***or even the five states*** that comprise the multi-state class, was "unmanageable on a class-wide basis"). Plaintiffs' allegation that "there are thousands of class members spread all over the United States," over a span of ten years, FAC ¶¶ 100, 105, means that there will be several (if not all) states captured. Moreover, it means that for each class member an inquiry into where it suffered injury is necessary to even begin the choice-of-law analysis, which is necessarily a highly individualized one when Plaintiffs allege that on-highway trucks have crashed throughout the country.

And contrary to Plaintiffs' Opposition, cases from this Circuit have established that nationwide putative classes involving state common law claims are not manageable. *See In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002) ("Because these claims must be adjudicated under the law of so many jurisdictions, a single nationwide class is not manageable.").[5]

---

("Courts have struck such [class] allegations, however, where the moving party explains in detail why the variation in state law would make a nationwide class impracticable."); *Tex. Hill Country Landscaping, Inc. v. Caterpillar, Inc.*, 522 F. Supp. 3d 402, 410 (N.D. Ill. 2021) ("Nevertheless, Rule 23 has been used at the pleading stage to eliminate class action allegations that are facially and inherently deficient[.]"); *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 741, 757 (N.D. Ill. 2018) ("True enough, Rule 23(c)(1)(A) provides that the court may reject a plaintiff's attempt to represent a class as soon as it becomes obvious that he will be unable to satisfy Rule 23. . . . [which] can arise at the pleading stage."); *Bietsch v. Sergeant's Pet Care Prods., Inc.*, 2016 WL 1011512, at *10 (N.D. Ill. Mar. 15, 2016) ("Motions to strike class allegations at the pleading stage are appropriate where it is clear from the pleadings that the class claims are defective.").

[5] *See also Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 677 (7th Cir. 2001) ("[F]ew warranty cases ever

Here, Plaintiffs' fraud, breach of contract, and breach of warranty claims will inevitably have significant differences and conflicts between different states. For example, breach of express warranty varies materially—Florida, West Virginia, Texas, and Oregon require privity, while Washington, Ohio, Illinois, and Texas do not.[6] The reliance element of a claim for breach of express warranty also differs. In California, there is a presumption of reliance that can be overcome.[7] However, Minnesota, Kentucky, Oklahoma, New Hampshire, Florida, Mississippi, and Rhode Island require a showing of actual reliance.[8] But Colorado and Virginia do not require a showing of reliance, and New York and Washington do not require a showing of reliance in certain circumstances.[9] Different state laws are similarly varied for the breach of implied warranty claims. For instance, Alaska, Colorado, Louisiana, Michigan, Nebraska, New Jersey, Pennsylvania, Texas, and Virginia do not require privity, while Alabama, Arizona, Connecticut,

---

have been certified as class actions . . . with the additional choice-of-law problems that complicate such a venture."); *Dolmage v. Combined Ins. Co. of Am.,* 2017 U.S. Dist. LEXIS 67555, at *27-28 (N.D. Ill. May 3, 2017) ("[A]s a general matter . . . different states' laws will govern [plaintiff's] claim and those class members living [out-of-state]. Under these circumstances, it is difficult to conclude that Plaintiff's claim is 'typical' of other class members."); *In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.,* 241 F.R.D. 305, 324 (S.D. Ill. 2007) ("The Seventh Circuit Court of Appeals has warned repeatedly in recent years against . . . unwieldy multistate classes, holding that the difficulties inherent in applying the laws of numerous states to the class claims defeat both predominance and manageability.").

[6] *See T.W.M. v. Am. Med. Sys.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995); *McMahon v. Advance Stores Co.*, 705 S.E.2d 131, 137 (W.Va. 2010); *Texas Processed Plastics, Inc. v. Gray Enters., Inc.*, 592 S.W.2d 412, 415 (Tex. App. 1979); *Colvin v. FMC Corp.*, 604 P.2d 157, 160 (1979); *Fortune View Condo. Ass'n v. Fortune Star Dev. Co.*, 90 P.3d 1062 (Wash. 2004); *Reichhold Chem., Inc. v. Haas*, 1989 WL 133417, at *7 (Ohio Ct. App. Nov. 3, 1989); *Collins Co., Ltd v. Carboline Co.*, 532 N.E.2d 834, 834 (Ill. 1988); *Basin Operating Co. v. Valley Steel Prods. Co.*, 620 S.W.2d 773, 777 (Tex. Civ. App. 1981).

[7] *See* Cal. Com. Code § 2313; *Weinstat v. Dentsply Intern., Inc.*, 180 Cal. App. 4th 1213 (2010).

[8] *See Hendricks v. Callahan*, 972 F.2d 190, 193 (8th Cir. 1992); *Overstreet v. Norden Labs., Inc.*, 669 F.2d 1286, 1289-91 (6th Cir. 1982); *Speed Fastners, Inc. v. Newsom*, 382 F.2d 395, 397 (10th Cir. 1967); *Hagenbuch v. Snap-On Tools Corp.*, 339 F. Supp. 676, 680 (D.N.H. 1972); *State Farm Ins. Co. v. Nu Prime Roll-A-Way of Miami, Inc.*, 557 So. 2d 107, 108-09 (Fla. Dist. Ct. App. 1990); *Global Truck & Equip. Co. v. Palmer Mach. Works, Inc.*, 628 F. Supp. 641, 651 (N.D. Miss. 1986); *Thomas v. Amway Corp.*, 488 A.2d 716, 720 (R.I. 1985).

[9] *See Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 644-45 (10th Cir. 1991); *Daughtrey v. Ashe*, 413 S.E.2d 336, 338-39 (Va. 1992); *CBS Inc. v. Ziff-Davis Pub. Co.*, 553 N.E.2d 997, 554 N.Y.S.2d 449 (1990); *Baughn v. Honda Motor Co.*, 727 P.2d 655, 669 (Wash. 1986).

Florida, Idaho, Illinois, Iowa, Kentucky, New York, North Carolina, Ohio, Oregon, Tennessee, Vermont, and Wisconsin do.[10] Similarly, Maryland and Texas require pre-suit notice, while in Alaska, Arkansas, Arizona, Ohio, Pennsylvania, and Virginia, filing a complaint may suffice.[11]

These differences create individualized issues of law and require class members to show different proof, making it impossible for common questions to predominate and making the class unmanageable. By alleging a nationwide class and four common law claims, Plaintiffs' FAC is facially deficient and cannot maintain a proper class action.

### E. Individualized Questions Predominate

Plaintiffs use their Opposition in an attempt to shoehorn purported "common questions" into the record. *See* Opp. at 10. The FAC, however, alleges no common questions—even with the benefit of amendment after seeing Defendants' initial motion to strike. Regardless, even if

---

[10] *See Morrow v. New Moon Homes, Inc.*, 548 P.2d 279, 289 (Alaska 1976); *Hansen v. Mercy Hospital, Denver*, 570 P.2d 1309 (Colo. 1977); *Media Prod. Consultants, Inc. v. Mercedes-Benz of N.A., Inc.*, 262 So. 2d 377 (La. 1972); *Cova v. Harley Davidson Motor Co.*, 182 N.W.2d 800 (Mich. Ct. App. 1970); *Peterson v. North Am. Plant Breeders*, 354 N.W.2d 625 (Neb. 1984); *Alloway v. Gen. Marine Indus., L.P.*, 695 A.2d 264 (N.J. 1997); *Powers v. Lycoming Engines*, 272 F.R.D. 414, 420 (E.D. Pa. 2011); *Kassab v. Central Soya*, 246 A.2d 848 (Pa. 1968); *Nobility Homes of Tex., Inc. v. Shivers*, 557 S.W.2d 77, 81 (Tex. 1977); *Wellcraft Marine, Inc. v. Zarzour*, 577 So.2d 414, 419 (Ala. 1990); *Flory v. Silvercrest Indust., Inc.*, 633 P.2d 383, 387 (Ariz. 1981); *United Tech. Corp. v. Saren Eng'g, Inc.*, 2002 WL 31319598 (Conn. Super. Ct. Sept. 25, 2002); *Mesa v. BMW of N. Am., LLC*, 904 So.2d 450, 458 (Fla. Dist. Ct. App. 2005); *Am. W. Enters., Inc. v. CNH, LLC*, 316 P.3d 662 (Idaho 2013); *Zaro v. Maserati N. Am., Inc.*, 2007 WL 4335431, at *2 (N.D. Ill. 2007); *Tomka v. Hoechst Celanese Corp.*, 528 N.W.2d 103 (Iowa 1995); *Kentucky Berger v. Standard Oil Co.*, 103 S.W. 245 (Ky. 1907); *Kolle v. Mainship Corp.*, 2006 WL 1085067, at *5 (E.D.N.Y. 2006); *Hole v. Gen. Motors Corp.*, 83 A.D.2d 715 (N.Y. 1981); *Gregory v. Atrium Door & Window Co.*, 415 S.E.2d 574 (N.C. 1992); *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 758 (N.D. Ohio 2010); *Dravo Equip. Co. v. German*, 698 P.2d 63 (Or. 1985); *Gregg v. Y.A. Co. Co.*, 2007 WL 1447895, at *7 (E.D. Tenn. 2007); *Vermont Plastics, Inc. v. Brine, Inc.*, 824 F. Supp. 444 (D. Vt. 1993); *Stoney v. Franklin*, 54 Va. Cir. 591 (2001); *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 592 N.W.2d 201 (Wis. 1999).

[11] *See Lynx, Inc. v. Ordnance Prods., Inc.*, 327 A.2d 502, 514 (Md. 1974); *U.S. Tire-Tech, Inc. v. Boeran*, 110 S.W.3d 194, 200 (Tex. App. 2003); *Shooshanian v. Wagner*, 672 P.2d 455, 462-63 and n.6 (Alaska 1983); *Adams v. Wacaster Oil Co., Inc.*, 98 S.W.3d 832, 835-36 (Ark. 2003); *Davidson v. Wee*, 379 P.2d 744, 749 (Ariz. 1963); *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 638 (Ohio 1989); *Precision Towers, Inc. v. Nat-Com, Inc.*, 2002 WL 31247992, at *5 (Phila. Ct. Com. Sept. 23, 2002); *In re Ford Motor Co. E-350 Van Prods. Liab. Litig.*, 2010 WL 2813788, at *39-40 (D.N.J. July 9, 2010); *Aqualon Co. v. Mac Equip., Inc.*, 149 F.3d 262, 270 (4th Cir. 1998); *Bd. of Directors of Bay Point Condo. Ass'n, Inc. v. RML Corp.*, 57 Va. Cir. 295 (2002).

Plaintiffs had alleged common questions, the relevant inquiry is whether a class action has the capacity to "generate common ***answers***" to those common questions. *Pumputiena*, 2017 WL 66823, at *9 (emphasis in original). Plaintiffs make no effort to answer this basic requirement.

For example, Plaintiffs generalize the products and defects at issue as "tractors equipped with [the Wingman systems]," Opp. at 7, but the reality is that Plaintiffs' purported class includes anyone who purchased a power unit manufactured by either International or PACCAR that was equipped with either the Bendix Wingman Fusion or Wingman Advanced system on or after July 1, 2015. *See* FAC ¶ 100. Plaintiffs' allegations give no basis to conclude that even if "was there a defect?" is a common question, there is a common answer amongst the untold number of vehicle and system combinations over the decade at issue.

But even if Plaintiffs had identified a single question to satisfy commonality, they make no showing of ***predominance***. In addition to the choice-of-law and variation in law issues described above, Plaintiffs' claims depend on more than showing a defect—class members' claims depend on individualized showings regarding the representations they received and relied on, contracts they claim to have entered, and warranties they claim to have received (including each class member's ***particular purpose*** for which products were impliedly warranted) from which of the three Defendants, not to mention inquiries into liability for the purported crashes and consequential damages stemming from them. Class treatment will never be appropriate for such claims.

## II. CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court strike Plaintiffs' class allegations with prejudice.

10

| | |
|---|---|
| Dated: July 21, 2025 | Respectfully submitted,<br><br>*/s/ Kevin M. Jakopchek*<br>Robin M. Hulshizer (ARDC No. 6230994)<br>Kevin M. Jakopchek (ARDC No. 6317040)<br>Lachanda R. Reid (ARDC No. 6339567)<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, Illinois 60611<br>Telephone: (312) 876-7700<br>Facsimile: (312) 993-9767<br>robin.hulshizer@lw.com<br>kevin.jakopchek@lw.com<br>lachanda.reid@lw.com<br><br>Catherine Rizzoni (*pro hac vice*)<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111<br>Telephone: (415) 391-0600<br>cat.rizzoni@lw.com<br><br>Adam T. Suroff (*pro hac vice*)<br>Swanson, Martin & Bell, LLP<br>Prairie Village<br>7501 Nall Ave., Unit 1<br>Prairie Village, Kansas 66208<br>Telephone: (314) 242-0915<br>asuroff@smbtrials.com<br><br>Benjamin D. Lothson (ARDC No. 6330050)<br>Swanson, Martin & Bell, LLP<br>330 N. Wabash Ave., Suite 3300<br>Chicago, Illinois 60611<br>Telephone: (312) 222-8597<br>blothson@smbtrial.com<br><br>*Counsel for Defendant Navistar, Inc. n/k/a International Motors, LLC*<br><br>*/s/ Natalie J. Stanton (with consent)*<br>Timothy C. Sansone (ARDC No. 6257469)<br>SANDBERG PHOENIX & von GONTARD P.C.<br>120 S. Central Ave., Suite 1600<br>Clayton, MO 63105<br>(314) 725-9100<br>tsansone@sandbergphoenix.com |

11

Natalie J. Stanton (ARDC No. 6295170)
SANDBERG PHOENIX & von GONTARD P.C.
701 Market St., Suite 600
St. Louis, MO 63101-1826
(314) 231-3332
Facsimile: (314) 241-7604
nstanton@sansbergphoenix.com

*Counsel for Defendant PACCAR Inc.*