IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HIRSCHBACH MOTOR LINES, INC.; JOHN CHRISTNER TRUCKER, LLC; THREE DIAMOND LEASING, LLC; GR EQUIPMENT LEASING, INC.; SCHUSTER COMPANY; SCHUSTER ENTERPRISES, LTD.; AEG LEASING LLC; SCHUSTER COMPANY, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NAVISTAR, INC.; PACCAR INC.; and BENDIX COMMERCIAL VEHICLE SYSTEMS LLC,<br><br>Defendants. | Case No. 1:24-cv-11979<br><br>Honorable Thomas M. Durkin |

**REPLY IN SUPPORT OF MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BENDIX COMMERCIAL VEHICLE SYSTEMS LLC'S MOTION TO STRIKE CLASS ALLEGATIONS**

Dated: July 21, 2025

Respectfully submitted,

  /s/ *Erica L. Calderas*
J. Patrick White (ARDC# 6292078)
Hahn Loeser & Parks LLP
200 West Madison Street, Suite 2700
Chicago, IL  60606
Phone: 312-637-3000; Fax: 312-637-3001
pwhite@hahnlaw.com

Erica L. Calderas (Admitted *Pro Hac Vice*)
Eric B. Levasseur (Admitted *Pro Hac Vice*)
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, OH  44114
Phone: 216-621-0150; Fax: 216-242-2824
elcalderas@hahnlaw.com
eblevasseur@hahnlaw.com

*Attorneys for Defendant Bendix Commercial Vehicle Systems LLC*

18986208.1

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.     INTRODUCTION ..................................................................................................... 1

II.    LAW AND ARGUMENT .......................................................................................... 1

       A.    No Class Action is Proper Unless All Litigants are Governed by the Same
             Legal Rules and, Here, Plaintiffs and the Putative Class are Not. ...................... 1

       B.    Plaintiffs Fail to Show that They Can Represent Persons in States Where
             Plaintiffs Themselves Cannot Assert Claims Under the Respective State
             Law. ................................................................................................................... 5

       C.    Subclasses Cannot Cure the Fundamental Defects Here ................................... 8

       D.    Plaintiffs' Cite to a Class Settlement Does Not Show Rule 23 Can Be
             Satisfied ............................................................................................................ 10

III.   CONCLUSION ........................................................................................................ 10

CERTIFICATE OF SERVICE .......................................................................................... 12

18986208.1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Aftermarket Filters Antitrust Litig.*,
   No. 08 C 4883, 2009 WL 3754041 (N.D. Ill. Nov. 5, 2009) ....................................................8

*Al Haj v. Pfizer Inc.*,
   338 F. Supp. 3d 741 (N.D. Ill. 2018) .......................................................................................4

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ............................................................................................................6, 10

*America's Health & Res. Ctr. Ltd. v. Alcon Labs., Inc.*,
   No. 16 C 4539, 2018 WL 11189391 (N.D. Ill. June 15, 2018) ...............................................6

*Baldwin v. Star Sci., Inc.*,
   78 F. Supp. 3d 724 (N.D. Ill. 2015) .................................................................................6, 7, 8

*In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Pracs. Litig.*,
   701 F. Supp. 2d 356 (E.D.N.Y. 2010) .....................................................................................8

*Bietsch v. Sergeant's Pet Care Prods., Inc.*,
   No. 15 C 5432, 2016 WL 1011512 (N.D. Ill. Mar. 15, 2016) .................................................4

*Bohn v. Boiron, Inc.*,
   No. 11 C 08704, 2013 WL 3975126 (N.D. Ill. Aug. 1, 2013) .................................................9

*In re Bridgestone/Firestone*,
   288 F.3d 1012 (7th Cir. 2022) .............................................................................................1, 5

*Brown v. Auto-Owners Ins. Co.*,
   No. 1:21-CV-02597, 2022 WL 2442548 (N.D. Ill. June 1, 2022) ........................................6, 8

*Carrol v. S.C. Johnsons & Son, Inc.*,
   No. 17-CV-05828, 2018 WL 1695421 (N.D. Ill. Mar. 29, 2018) ............................................4

*Cowen v. Lenny & Larry's, Inc.*,
   No. 17 CV 1530, 2017 WL 4572201 (N.D. Ill. Oct. 12, 2017) .......................................3, 4, 5

*Daly v. Glanbia Performance Nutrition, Inc.*,
   No. 23 C 933, 2023 WL 5647232 (N.D. Ill. Aug. 31, 2023) ...........................................3, 4, 5

*Flaherty v. Clinique Lab'ys LLC*,
   No. 1:21-CV-03447, 2021 WL 5299773 (N.D. Ill. Nov. 15, 2021) .........................................4

*Garvey v. Am. Bankers Ins. Co. of Florida*,
   No. 17-CV-986, 2019 WL 2076288 (N.D. Ill. May 10, 2019) ................................................6

18986208.1

*In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*,
　241 F.R.D. 305 (S.D. Ill. 2007) ...................................................................................3, 4

*In re Gen. Motors Corp. Engine Interchange Litig.*,
　594 F.2d 1106 (7th Cir. 1979) ..............................................................................................8

*Halperin v. Int'l Web Servs., LLC*,
　70 F. Supp. 3d 893 (N.D. Ill. 2014) ....................................................................................6

*Johnson v. Am. Credit Co. of Georgia*,
　581 F.2d 526 (5th Cir. 1978) ................................................................................................8

*Jones v. BRG Sports, Inc.*,
　No. 18 C 7250, 2019 WL 3554374 (N.D. Ill. Aug. 1, 2019) ........................................9

*Kubilius v. Barilla Am., Inc.*,
　No. 18 C 6656, 2019 WL 2861886 (N.D. Ill. July 2, 2019) ..........................1, 3, 9, 10

*Kuhl v. Guitar Ctr. Stores, Inc.*,
　No. 07 C 214, 2008 WL 656049 (N.D. Ill. Mar. 5, 2008) ............................................8

*In re Mexico Money Transfer Litig.*,
　267 F.3d 743 (7th Cir. 2001) .............................................................................................10

*In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Inj. Litig.*,
　314 F.R.D. 580 (N.D. Ill. 2016) ........................................................................................10

*In re Navistar MaxxForce Engines Mktg., Sales Pracs. & Prods. Liab. Litig.*,
　No. 1:14-CV-10318, 2020 WL 2477955 (N.D. Ill. Jan. 21, 2020), *aff'd sub
　nom. Matter of Navistar MaxxForce Engines Mktg., Sales Pracs. & Prods.
　Liab. Litig.*, 990 F.3d 1048 (7th Cir. 2021) ....................................................................10

*Rose v. Ferrari N. Am., Inc.*,
　No. CV 21-20772(JKS)(CLW), 2025 WL 815417 (D.N.J. Mar. 14, 2025) ..............7

*Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*,
　559 U.S. 393 (2010) ..............................................................................................................6

*Sueoka v. United States*,
　101 F. App'x 649 (9th Cir. 2004) ........................................................................................8

*Tex. Hill Country Landscaping, Inc. v. Caterpillar, Inc.*,
　522 F. Supp. 3d 402 (N.D. Ill. 2021) ..................................................................................4

*Wagner v. Gen. Nutrition Corp.*,
　No. 16-CV-10961, 2017 WL 3070772 (N.D. Ill. July 19, 2017) ..................................4

*In re Warfarin Sodium Antitrust Litig.*,
　391 F.3d 516 (3d Cir. 2004) ...............................................................................................10

*In re Yasmin & Yaz (Drospirenone) Mktg.*,
 275 F.R.D. 270 (S.D. Ill. 2011) ..................................................................................................3

**Statutes and Rules**

28 U.S.C. § 2072(b) ........................................................................................................................6

**Other Authorities**

Fed.R.Civ.P. 12(b)(6).......................................................................................................................8

Fed.R.Civ.P. 23 ....................................................................................................................... *passim*

18986208.1

## I.     INTRODUCTION

Bendix Commercial Vehicle Systems LLC's ("Bendix") Motion to Strike (ECF 83, ECF 84) showed that courts can and do strike class allegations when, as here, it is apparent from the pleadings that the proposed class cannot be certified. Based on Plaintiffs' own pleading, it is apparent now at the pleading stage that the claims of Plaintiffs and all individual putative class members would not be governed by the same legal rules. Instead, based on Plaintiffs' own pleading, it is plain that individual's claims will be governed by the laws of the fifty states. Bendix showed in detail that those laws vary in material ways. Thus the central defects here are legal ones, which discovery will not change. Plaintiffs' Opposition (ECF 92)[1] fails to overcome Bendix's arguments. Indeed, Plaintiffs have only confirmed that Bendix's arguments have merit. Accordingly, if this Court found that it has jurisdiction over Bendix (and it should not), then to the extent any claim survives Bendix's motion to dismiss (which they should not), this Court should grant Bendix's Motion to Strike and strike the nationwide class allegations in their entirety.

## II.     LAW AND ARGUMENT

### A.     No Class Action is Proper Unless All Litigants are Governed by the Same Legal Rules and, Here, Plaintiffs and the Putative Class are Not.

As Bendix showed, the Seventh Circuit has held that "[n]o class action is proper unless all litigants are governed by the same legal rules." *In re Bridgestone/Firestone*, 288 F.3d 1012, 1015 (7th Cir. 2022). As in *Kubilius* where the court granted a motion to strike nationwide class allegations involving purchases of products nationwide, "Plaintiffs do[] not grapple with (or even mention) the court's holding in *In re Bridgestone/Firestone*. Instead, [they] argue[] that it is too soon to tell whether nationwide classes can be certified, and that a proper determination of the issue must await discovery and a motion for class certification." *Kubilius v. Barilla Am., Inc.*, No. 18 C 6656, 2019 WL 2861886, at *2 (N.D. Ill. July 2, 2019).

Plaintiffs implicitly concede that if the nationwide putative class is subject to the laws of fifty states and there are material differences in those laws, then no nationwide class could be certified. That is, Plaintiffs do not dispute that no class action is proper unless all litigants are

---

[1] Plaintiffs' Opposition also fails to overcome the Joint Motion to Strike filed by Defendants International and PACCAR, who are separately replying in support of that Joint Motion.

governed by the same legal rules. They do not dispute the many cases showing that class certification is denied based on differences in applicable legal rules. And Plaintiffs do not dispute the many examples of cases where *motions to strike* were granted because the putative class would be subject to varying state laws. Plaintiffs even admit, as they must, that Bendix showed "differences between the laws of the fifty states" on the claims asserted. ECF 92 at 14. In an attempt to escape their fate in having the class allegations stricken, Plaintiffs assert that (1) determining choice of law is an individualized fact-based inquiry requiring discovery, (2) it is "pure hyperbole" to contend that "just because Plaintiffs have alleged purchases of these systems by potential class members in all fifty states, the laws of all fifty states will automatically apply" (ECF 92 at 2) and (3) Defendants have not shown the variations in law are material enough to defeat certification. ECF 92 at 7. Plaintiffs fail to overcome Bendix's arguments.

**First**, Plaintiffs suggest it is unclear what states' laws will ultimately apply because the choice of law analyses for each class member will "involve factual inquiries that reasonably require discovery to affirmatively answer." ECF 92 at 6. Plaintiffs thus agree with the argument asserted in Paccar's and International's Joint Motion to Strike that "[e]ach class member's claim (and potentially each accident) would require and individualized choice of law analysis". ECF 90 at 9. Plaintiffs' position is antithetical to class certification. It would require individual, fact-based, choice of law analyses for each of the alleged "thousands" of product purchasers nationwide who allegedly made "hundreds of thousands" of purchases. ECF 74, FAC ¶¶ 25. 105. This individualized fact-finding inquiry would predominate to consume the case, eclipse any alleged common issue, and make the class action unmanageable. Accordingly, Plaintiffs' own position that individual fact finding is needed for choice of law dooms certification of a nationwide class.

**Second**, it is plain now at the pleading stage that the laws of fifty states are implicated such that the putative nationwide class cannot be certified. Plaintiffs repeatedly confirm this is the case. The FAC specifically invokes the laws of fifty states plus the District of Columbia. ECF 74, SAC ¶132, n. 8, ¶145, n.9, 153, n. 10. Plaintiffs also assert that "Plaintiffs have pled … that Defendants' conduct and statements were directed at all fifty states" (ECF 92 at 9) and Plaintiffs "have reason to believe [purchases] occurred in all fifty states". ECF 92 at 13. They say: "Plaintiffs submit that

2

at common law, in virtually all fifty states, the allegations … plausibly establish causes of action". ECF 93 at 6. Likewise, they plead a nationwide class who allegedly suffered economic damages. ECF 74 at ¶¶ 81, 88-89, 91, 99. By their very nature, economic damages can be presumed to have occurred where a plaintiff resides and, here, Plaintiffs allege that is nationwide. ECF 74 at ¶ 100. Thus, as Bendix showed, it is plain from Plaintiffs' own allegations that Illinois' conflicts of law tests will point to the laws of the fifty states as governing individual's claims. ECF 84 at 5-6. Further, it is plain that this is a legal analysis that can be considered now. For example, in *Daly*, the plaintiff, like Plaintiffs here, alleged purchases of a product nationwide and the court held that "the choice-of-law issues presented for Daly's common-law claims are sufficiently settled to be resolved at this [motion to strike] stage" such that the "motion to strike [was] not premature." *Daly v. Glanbia Performance Nutrition, Inc.*, No. 23 C 933, 2023 WL 5647232, at *2 (N.D. Ill. Aug. 31, 2023). Other courts are in accord. *See, e.g., Cowen v. Lenny & Larry's, Inc.*, No. 17 CV 1530, 2017 WL 4572201, at *4 (N.D. Ill. Oct. 12, 2017) (allegations of nationwide purchases was sufficient to determine that laws of the states where each person resides would apply); *In re Yasmin & Yaz (Drospirenone) Mktg.*, 275 F.R.D. 270, 274-275 (S.D. Ill. 2011) ("the laws of all fifty states plus [D.C.] would be applicable"; "no amount of time or discovery can cure these deficiencies").

Moreover, discovery would not "bear on the need for uniformity in the law governing the class claims—a legal requirement for class certification." *Kubilius v. Barilla Am., Inc.*, No. 18 C 6656, 2019 WL 2861886, at *2 (N.D. Ill. July 2, 2019) (discovery is not necessary to evaluate whether a class may be maintained when defendant advances a legal argument based on pleadings). Indeed, *In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305 (S.D. Ill. 2007) shows that even when choice of law is decided on a motion for class certification, it can be analyzed as a legal issue without the need for discovery or specific facts. In *General Motors,* the plaintiffs asserted state law claims for breach of warranties alleging defects in vehicles. *Id.* at 306. On a Rule 23 motion, the court analyzed in multiple ways which state's law governs the claims of the members of the proposed class. *Id.* The court did so as a matter of law, without the need for any particular facts or evidence. *Id.* The court concluded under each analysis that the law of the state where each putative class member resided would apply. *Id.* That is, under a UCC analysis for

3

breach of warranty claims, the court determined "the claims of the proposed class must be governed by the laws of the states where the members of the class reside." *Id.* at 316. The court also concluded that "under the familiar 'most significant contacts' standard" "[t]he result would be the same." *Id.* at 317. This is because "it is the states where the members of the proposed class reside, which is where, presumably, the goods at issue were delivered and the injuries alleged by class members occurred, that have the most significant relationship to the class claims." *Id.* at 318. Accordingly, here, Plaintiffs' allegations and their Opposition both confirm that the class of "all persons … who purchased" reside in all fifty states, there were purchases in all fifty states, there was alleged conduct directed to all fifty states, and there was injury in all fifty states. Thus, it is plain now that all fifty states laws would be implicated for the proposed nationwide class.

**Third**, Plaintiffs suggest that Bendix has asserted only that "***general variations*** in the fifty states' law" preclude certification and the Northern District of Illinois has largely declined to strike class allegations "where the defendants argued that ***general variations*** in state laws made a nationwide class impossible." ECF 92 at 5 (emphasis added). Plaintiffs misapprehend the cases they cite and the argument Bendix made. In the cases Plaintiffs cite, the defendants made general arguments that state laws varied.[2] Here, however, Bendix took its cue from cases like *Daly* and *Cowen* which suggest that defendants should show in detail how state laws vary. *See Daly*, 2023 WL 5647232, at *4 (defendant detailed differences among various states' common-law fraud and unjust enrichment laws, to which plaintiff offered no rebuttal); *Cowen*, 2017 WL 4572201, at *4 ("Plaintiffs offer little response to defendant's in-depth analysis" of the variation in state law). Thus, Bendix detailed that there are specific, material variations in states laws on multiple elements of each of Plaintiffs' common law causes of action. ECF 84 at 7-15. Those variations required

---

[2] *Flaherty v. Clinique Labs. LLC*, No. 1:21-CV-03447, 2021 WL 5299773, at *7 (N.D. Ill. Nov. 15, 2021) (recognizing courts have stricken class allegations where the moving party explains variation in state law in detail; here, defendant showed high-level differences); *Tex. Hill Country Landscaping, Inc. v. Caterpillar, Inc.*, 522 F. Supp. 3d 402, 409–12 (N.D. Ill. 2021) (movant offered superficial analysis); *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 741, 757 (N.D. Ill. 2018) (defendant contended variation categorically precludes class certification); *Carrol v. S.C. Johnsons & Son, Inc.,* No. 17-CV-05828, 2018 WL 1695421, at *5 (N.D. Ill. Mar. 29, 2018) (defendant asserted variation in the law from state to state); *Wagner v. Gen. Nutrition Corp.,* No. 16-CV-10961, 2017 WL 3070772, at *10 (N.D. Ill. July 19, 2017) (defendant did not explain the differences in state law); *Bietsch v. Sergeant's Pet Care Prods., Inc.*, No. 15 C 5432, 2016 WL 1011512, at *11 (N.D. Ill. Mar. 15, 2016) (defendant "generically recites differences in the state laws").

18986208.1

nuanced application. *See id.* Bendix also showed that based upon variation in laws applicable to Plaintiffs' specific causes of action, numerous courts have rejected class certification. *Id.* And like the plaintiffs in *Daly* and *Cowen*, Plaintiffs offered no rebuttal of that showing of actual, material variations. Indeed, Plaintiffs make no attempt at all to show that they and the putative class members "all … are governed by the same legal rules." *Bridgestone/Firestone*, 288 F.3d at 1015.

Accordingly, it is apparent on the pleadings that no class can be certified because the claims of individual class members would be governed by the varying laws of fifty states and this is a fundamental legal defect.

B.  **Plaintiffs Fail to Show that They Can Represent Persons in States Where Plaintiffs Themselves Cannot Assert Claims Under the Respective State Law.**

Bendix showed that Plaintiffs cannot represent persons in states where Plaintiffs themselves cannot assert claims under the respective state law. ECF 84 at 6-7. Thus, if an Iowa plaintiff cannot invoke, for example, Florida law for its own cause of action, an Iowa plaintiff cannot prosecute claims under Florida law for persons with claims under Florida law. And it therefore follows that such a plaintiff could not certify a nationwide class to invoke laws foreign to that plaintiff. In opposition, Plaintiffs fail to establish that they can assert claims on behalf of persons in other states that are brought under laws that are foreign to Plaintiffs' own claims. Unable to overcome Bendix's argument, Plaintiffs acknowledge fifty states' law will apply but contend that Rule 23 nonetheless allows Plaintiffs to represent class members in different states. ECF 92 at 13. They suggest it is "rhetorical gaslighting" to contend otherwise. *Id.* Plaintiffs are wrong.

**First**, individuals have separate entitlements to relief and Plaintiffs are wrong to suggest Rule 23 can change that. The point of choice of law analyses is to determine which substantive law applies to provide a claimant with his or her separate entitlement to relief. The fact that Rule 23 provides a class action procedure does not allow Plaintiffs to invoke laws of states under which they have no claim.[3] Nor does it relieve Plaintiffs of the burden to show they are adequate to represent persons with claims under laws foreign to them. Rule 23 is merely a procedural rule; under the Rules Enabling Act, it cannot "abridge modify, or enlarge a[] substantive right."

---

[3] If Plaintiffs meant to contend that as national carriers they can invoke all fifty states' laws, they failed to show this. ECF 92 at 13. Even national companies are subject to specific laws for specific causes of action.

5

*Halperin v. Int'l Web Servs., LLC*, 70 F. Supp. 3d 893, 900 (N.D. Ill. 2014) citing 28 U.S.C. § 2072(b) and *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 408 (2010). A "'class action, no less than traditional joinder (of which it is a species), merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits'; it does not 'change plaintiffs' separate entitlements to relief.'". *Id. citing Shady Grove* at 408. Even when a nationwide class action might be "the most secure, fair, and efficient means of compensating victims," class treatment is impermissible where "bold aggregation techniques" would violate the Act by abridging, enlarging, or modifying substantive rights. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 628 (1997). "'[A]n interpretation of Rule 23 that … change[s] plaintiffs' separate entitlements to relief,' … would violate the … Act." *Halperin*, 70 F. Supp. 3d at 900.

Here, Plaintiffs' position that with a certified class a plaintiff with no claim under Florida law could represent a Florida claimant with a claim under Florida law, is wrong because it expands Rule 23 substantively in violation of the Rules Enabling Act. Rule 23 erects barriers to certifying a class of differently situated individuals; it does not erase the individuals' differences. Accordingly, "[c]ourts in this District routinely dismiss or strike class claims where named plaintiffs seek to represent proposed class members from other states." *Brown v. Auto-Owners Ins. Co.*, No. 1:21-CV-02597, 2022 WL 2442548, at *2 (N.D. Ill. June 1, 2022) (dismissing non-Illinois class claims where an Illinois plaintiff asserted claims depending on the laws of Illinois, Arizona, Kentucky, Utah, and Wisconsin); *see, e.g., America's Health & Res. Ctr. Ltd. v. Alcon Labs., Inc.*, No. 16 C 4539, 2018 WL 11189391, at *2 (N.D. Ill. June 15, 2018) (Durkin, J.) (discussing personal jurisdiction; striking class allegations for non-Illinois class members where an Illinois plaintiff sued non-Illinois defendants); *Garvey v. Am. Bankers Ins. Co. of Florida*, No. 17-CV-986, 2019 WL 2076288, at *2 (N.D. Ill. May 10, 2019) (discussing personal jurisdiction; striking class definition to the extent it asserts claims of non-Illinois residents against Florida defendants).

**Second**, Bendix cited multiple cases supporting its position that regardless of how the issue is analyzed (*i.e.,* as a Rule 23 issue or a type of standing issue), Plaintiffs cannot represent putative class members who are subject to different laws. Plaintiffs address only one case cited by Bendix and they misstate it. *See* ECF 92 at 13 addressing *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724,

734–35 (N.D. Ill. 2015). Plaintiffs acknowledge that the court in *Baldwin* was concerned that a plaintiff could not assert the laws of another state unrelated to him. Plaintiffs contend that this concern was based on the plaintiff invoking "consumer protection statutes" of different states with "heightened jurisdictional requirements." ECF 92 at 13. Plaintiffs suggest that different requirements exist for plaintiffs who assert statutory, not common law, claims because "[a]s stated by the *Baldwin* court: '[T]he case before this court differs in that Mr. Baldwin has brought claims under the statutes of dozens of other states.'" *Id.* citing *Baldwin*, 78 F. Supp. 3d at 733. Plaintiffs do not explain what those so-called "heightened jurisdictional requirements" are and the court in *Baldwin* did not identify any. *Baldwin*, 78 F. Supp. 3d at 734.

While Plaintiffs seek to distinguish *Baldwin* by asserting that Plaintiffs here allege common law claims, Plaintiffs overlook that their warranty claims are premised in statute as overlaid by each state's common law. ECF 74, ¶¶132, 145, 153. Moreover, contrary to Plaintiffs' argument, the plaintiff in *Baldwin* asserted both statutory and common law claims. *Baldwin*, 78 F. Supp. 3d at 734. When the court said it was "apparent that Mr. Baldwin himself has no claims under the consumer protections laws of states where he did not purchase or use Anatabloc", it was referring to both the common law and statutory law of those states. *Id.* at 731; *accord Rose v. Ferrari N. Am., Inc.*, No. CV 21-20772(JKS)(CLW), 2025 WL 815417, at *12 (D.N.J. Mar. 14, 2025) (dismissing nationwide class claims for fraud by concealment or omission, negligent misrepresentation, unjust enrichment, and violation of New Jersey statute).

Also, contrary to Plaintiffs' implication, the court in *Baldwin* did not compare a plaintiff asserting claims under ***a dozen states' statutes*** with a plaintiff asserting claims under ***multiple states' common law***. *Baldwin*, 78 F. Supp. 3d at 733. The court in *Baldwin* compared a plaintiff asserting claims under a ***dozen states' statutes*** with a plaintiff asserting claims for persons in different counties within ***one state*** who were harmed by operation of ***a single statute***. *Id.* Thus, Plaintiffs' attempt to distinguish *Baldwin* brings them no closer to being able to invoke, for example, Florida law on behalf of a Florida putative class member where Plaintiffs have not shown they have causes of action under Florida law.

7

18986208.1

**Third**, Plaintiffs' string cite to cases cited in *Baldwin* does not help them. Those cases did not address the issue Bendix presented: whether class allegations should be stricken under Rule 23 because Plaintiffs cannot show they can assert claims under laws that are foreign to their own claims. Each case that Plaintiffs cite addressed standing under Rule 12(b)(6) motions to dismiss and recognized that class certification issues implicated by the invocation of foreign laws would be addressed under Rule 23.[4] Here, as Bendix asserted, Bendix presents a Rule 23 motion to strike under which the propriety of class certification is properly addressed. ECF 84 at 7. Accordingly, it is appropriate to consider whether Plaintiffs can invoke laws foreign to their own claims to represent others who are subject to such laws. Plaintiffs failed to show that they can.

Plaintiffs' inability to represent a nationwide class is itself sufficient grounds for striking the nationwide class allegations. "Postponing th[is] threshold . . . question until after discovery would accomplish nothing." *Brown*, 2022 WL 2442548, at *3. Where a named plaintiff does not have a claim under another state's law, "[d]iscovery cannot fix th[at] fact". *Id.*

### C.     Subclasses Cannot Cure the Fundamental Defects Here

Plaintiffs fail to show, as they suggest, that Rule 23's subclass provision can resolve any conflicts of law. ECF 92 at 2, 3, 5, 6, 7, 14. Subclasses cannot cure the fundamental legal defects.

"Each subclass must independently meet the requirements of Rule 23 in order to be maintained as a class action." *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1118, n. 11 (7th Cir. 1979). "Certification of a subclass fails where a subclass representative is not a member of the subclass he or she seeks to represent." *Sueoka v. United States*, 101 F. App'x 649, 654 (9th Cir. 2004); *Johnson v. Am. Credit Co. of Georgia*, 581 F.2d 526, 532 (5th Cir. 1978) (same). Thus, as discussed in Section II.B., above, the proposed subclassing to address the varying laws of the fifty states fails because Plaintiffs cannot represent persons whose claims arise under state laws that are different than those that apply to the Plaintiffs' claims. Headless subclasses

---

[4] *See In re Aftermarket Filters Antitrust Litig.*, No. 08 C 4883, 2009 WL 3754041, at *5 (N.D. Ill. Nov. 5, 2009) (Article III standing); *Kuhl v. Guitar Ctr. Stores, Inc.*, No. 07 C 214, 2008 WL 656049, at *3 (N.D. Ill. Mar. 5, 2008)("with a cautionary note that it will revisit the issue of standing at class certification, the court denies [defendant's] motion to dismiss for want of standing"); *In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Pracs. Litig.*, 701 F. Supp. 2d 356, 376 (E.D.N.Y. 2010) ("'The issue of standing is a constitutional one'" (citation omitted)).

cannot be certified. *Cf. Bohn v. Boiron, Inc.*, No. 11 C 08704, 2013 WL 3975126, at *9 (N.D. Ill. Aug. 1, 2013) (Durkin, J.) ("Bohn's post-July 27, 2012 class allegations are also stricken, as Bohn is not a member of this class of purchasers and thus is not an adequate representative.")

Moreover, even in cases where there is a named plaintiff for each state, courts have considered variations in state laws to provide an insurmountable barrier for product defect cases like this. For example, in *Jones v. BRG Sports, Inc.*, No. 18 C 7250, 2019 WL 3554374 (N.D. Ill. Aug. 1, 2019), the court granted a motion to strike class allegations for claims of negligence and products liability involving allegedly subpar helmets. The proposed classes in *Jones* spanned eighteen states with each state having its own named plaintiff representative(s). *Id.* at *2. The court recognized that "the class action device is ill suited for disputes that call for the application of multiple states' laws to a single class's claims." *Id.* at *7. The court was unpersuaded that formally dividing a class into eighteen separate parts resolved the predominance and manageability concerns presented. *Id.* "The complexity of the individualized factual issues bears a synergistic relationship with the state-by-state variations in the legal schemes, resulting in innumerable individualized inquiries that destroy both predominance and superiority and thus preclude certification". *Id.* The court "conclude[d] that the motion to strike class allegations must be granted because the complaint demonstrates, on its face, that allowing this case to proceed as a putative class action would be futile. . . . That is, . . . no amount of discovery or opportunities to amend will save the plaintiffs' claims." *Id*. at *4.

As in *Kubilius,* "plaintiff's superficial argument [that subclasses may be available] fails to account for the various axes along which state consumer protection laws differ." *Kubilius*, 2019 WL 2861886, at *3. In *Kubilius*, the court concluded that "[g]iven not only the number of jurisdictions at issue but also the multitude of dimensions on which state consumer protection laws differ substantively and procedurally, it is difficult to imagine a reasonable number of subclasses could be used to make the class action plaintiff proposes manageable." *Id.* Indeed, in striking the class allegations, the court recognized that such a multi-state class asserting fraud-based statutory claims presents a "'logistical and procedural nightmare'". *Id.* Here, Plaintiffs claims of fraud in the inducement, breach of contract, breach of express and implied warranties likewise have their

9

own, unique, nuanced, and conflicting claim elements and defenses depending upon the jurisdiction and the claimant's circumstances. ECF 84 at 7-15. Thus, Plaintiffs' claims present the same logistical and procedural nightmare recognized by courts as in *Kubilius*.

D. **Plaintiffs' Cite to a Class Settlement Does Not Show Rule 23 Can Be Satisfied**

Plaintiffs fail to show that certification of a class for settlement purposes means that they can likewise certify their putative class here for litigation. ECF 92 at 2 citing *In re Navistar MaxxForce Engines Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 1:14-CV-10318, 2020 WL 2477955, at *1 (N.D. Ill. Jan. 21, 2020). Because *Navistar MaxxForce* involved a settlement, the motion for class certification and settlement approval was not opposed and the class was certified for "settlement purposes only". *Id.* Thus, the unopposed settlement class does not set any precedent here. Additionally, in a settlement-only class certification, "a district court need not inquire whether the case, if tried, would present intractable management problems ... for the proposal is that there be no trial". *Amchem*, 521 U.S. at 620. Thus, while variations in state laws preclude certification ***for litigation***, "variations in state laws are not obstacles to certification ***in the settlement context***". *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Inj. Litig.*, 314 F.R.D. 580, 596, n. 15 (N.D. Ill. 2016) (emphasis added; collecting cases); *In re Mexico Money Transfer Litig.*, 267 F.3d 743, 747 (7th Cir. 2001) ("Given the settlement, no one need draw fine lines among state-law theories of relief."); *In re Warfarin Sodium Antitrust Litig.,* 391 F.3d 516, 529 (3d Cir. 2004) (with a settlement, there is no trial so variation in laws does not present the same concerns for certifying a class for settlement versus litigation; "variations are irrelevant to certification of a settlement class"). Thus, Plaintiffs' reliance on *Navistar MaxxForce* is misplaced and fails to show that the proposed class can be certified for litigation.

### III. CONCLUSION

Because the law on Plaintiffs' alleged claims varies materially across the fifty states and no fact discovery can change that, Plaintiffs cannot establish that the putative nationwide class is subject to the same legal rules and that they can represent their proposed class. The class allegations should therefore be stricken.

10

Dated: July 21, 2025

Respectfully Submitted,

 /s/ *Erica L. Calderas*
J. Patrick White (ARDC# 6292078)
Hahn Loeser & Parks LLP
200 West Madison Street, Suite 2700
Chicago, IL  60606
Phone: 312-637-3000
Fax: 312-637-3001
pwhite@hahnlaw.com

Erica L. Calderas (Admitted *Pro Hac Vice*)
Eric B. Levasseur (Admitted *Pro Hac Vice*)
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, OH  44114
Phone: 216-621-0150
Fax: 216-241-2824
elcalderas@hahnlaw.com
eblevasseur@hahnlaw.com

*Attorneys for Defendant*
*Bendix Commercial Vehicle Systems LLC*

## CERTIFICATE OF SERVICE

    I, J. Patrick White, an attorney, hereby certify that on this 21st day of July, 2025, I caused a true and accurate copy of the foregoing *Reply in Support of Memorandum of Law in Support of Defendant Bendix Commercial Vehicle Systems LLC's Motion to Strike Class Allegations* to be filed using the courts CM/ECF electronic filing system, which will generate service on all parties of record.

                                           Respectfully submitted,

                                           */s/ Erica L. Calderas*
                                           Erica L. Calderas

                                           *One of the Attorneys for Defendant*
                                           *Bendix Commercial Vehicle Systems LLC*

18986208.1