**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HIRSCHBACH MOTOR LINES, INC.; JOHN CHRISTNER TRUCKING, LLC; THREE DIAMOND LEASING, LLC; GR EQUIPMENT LEASING, INC.; SCHUSTER COMPANY; SCHUSTER ENTERPRISES, LTD.; AEG LEASING LLC; SCHUSTER COMPANY, LLC, | Case No.: 1-24-cv-11979 |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| NAVISTAR, INC.; PACCAR INC.; and BENDIX COMMERCIAL VEHICLE SYSTEMS LLC, | |
| Defendants | |

## PLAINTIFFS' UNOPPOSED MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR WANT OF JURISDICTION

Plaintiffs HIRSCHBACH MOTOR LINES, INC., JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, GR EQUIPMENT LEASING, INC., SCHUSTER COMPANY, SCHUSTER ENTERPRISES, LTD., AEG LEASING LLC, and SCHUSTER COMPANY, LLC, ("collectively PLAINTIFFS") hereby move to dismiss their claims in this case for want of jurisdiction, as grounds therefore, the Plaintiffs would show as follows:

## I. FACTS

**1.** The Plaintiffs recently filed their Second Amended Complaint ("SAC") alleging individual claims against the defendants and omitting any class action claims.

**2.** The Plaintiffs intentionally omitted any class claims due to the known difficulty certifying fraud claims under existing case law.

3.      However, the omission of class claims from the Second Amended Complaint eliminated CAFA's minimal diversity standard as a basis for maintaining federal jurisdiction in this case.

4.      Without CAFA's minimal diversity standard, the Court lacks subject matter jurisdiction over the plaintiffs' claims because of a lack of complete diversity.

5.      This is because one of the plaintiffs, GR Equipment Leasing, Inc. is a Delaware Corporation and both Navistar and PACCAR are Delaware corporations. This fact destroys complete diversity between the parties.

6.      The Supreme Court recently held that 28 U.S.C. § 1367 "contemplates that when an amended complaint is filed, the jurisdictional basis for the suit is reviewed anew," and if "nothing in the amended complaint now falls within the federal court's original jurisdiction, then neither does anything fall within the court's supplemental jurisdiction." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 34 (2025).

7.      Based on these developments, it is clear that the Plaintiffs should pursue their remedies in an appropriate state court forum.

8.      However, Navistar (now International), filed a counterclaim solely against Hirschbach. It is Navistar's position that the Court retains subject matter jurisdiction over its counterclaim and that its counterclaim should be pursued in this Court.

9.      Hirschbach does not disagree with Navistar's position based upon the Seventh Circuit's holding in *El v. AmeriCredit Fin. Servs.*, 710 F.3d 748, 752 (7th Cir. 2013), which states that "if there is no jurisdiction over the plaintiff's suit, there would be jurisdiction over the counterclaim only if, were it filed as a free-standing suit, it would be within federal jurisdiction."

PLAINTIFFS' MTD SAC FOR WANT OF JURISDICTION                                    2

10. This obviously would require Hirschbach and Navistar to litigate these claims before this Court.

11. Hirschbach believes that the most efficient way to effectuate this process is for the Court to enter an order dismissing the Second Amended Complaint without prejudice for want of jurisdiction while expressly retaining jurisdiction of the counterclaim filed by Navistar. Navistar agrees with this proposal.

12. The Parties are happy to have a status with the Court to discuss these developments if the Court believes it helpful.

13. The entry of such an order would leave only Navistar and Hirschbach as live parties before this Court.

14. No Defendant objects to the Court granting this motion.

### REQUEST FOR RELIEF

Based upon the lack of diversity jurisdiction of the Second Amended Complaint, the Plaintiffs request that the Court:

A. Dismiss the Second Amended Complaint for want of jurisdiction.

B. Retain Jurisdiction over the Counterclaim filed by Navistar leaving only Navistar and Hirschbach as live parties in this action.

C. Grant any other relief the Court deems proper.

Respectfully submitted,

Counsel for Plaintiffs:

*/s/ Nick Wooten*
Nick Wooten
NICK WOOTEN, LLC
3125 CARLTON ROAD
CUMMING, GA. 30041
(833) 937-6389
nick@nickwooten.com

*/s/ Matthew S. Hefflefinger*
*/s/ Devin M. Taseff*
Matthew S. Hefflefinger (ARDC No. 6201281)
Devin M. Taseff (ARDC No. 6333448)
CHARTWELL LAW
7707 N. Knoxville Avenue
Suite 201-A
Peoria, Illinois 61614
(309) 225-5560
mhefflefinger@chartwelllaw.com
dtaseff@chartwelllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, I electronically filed the foregoing PLAINTIFFS' MOTION TO DISMISS FOR WANT OF JURISDICTION with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Navistar /
International Motors LLC**

Robin M. Hulshizer (ARDC No. 6230994)
Kevin M. Jakopchek (ARDC No. 6317040)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
robin.hulshizer@lw.com
kevin.jakopchek@lw.com

Catherine Rizzoni (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
cat.rizzoni@lw.com

Adam T. Suroff (*pro hac vice*)
**Swanson, Martin & Bell, LLP**
Prairie Village
7501 Nall Ave., Unit 1
Prairie Village, Kansas 66208
Telephone: (314) 242-0915
asuroff@smbtrials.com

**Attorneys for Defendant PACCAR, Inc**.

Timothy C. Sansone #6257469
Natalie Stanton #6295170 (pro hac forthcoming)
**SANDBERG PHOENIX & von GONTARD P.C.**
701 Market Street, Suite 600
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (fax)
tsansone@sandbergphoenix.com
nstanton@sandbergphoenix.com

**Attorneys for Defendant Bendix Commercial Vehicle Systems LLC**

J. Patrick White (ARDC# 6292078)
Hahn Loeser & Parks LLP
200 West Madison Street, Suite 2700
Chicago, IL 60606
pwhite@hahnlaw.com

Erica L. Calderas (Admitted Pro Hac Vice)
Eric B. Levasseur (Admitted Pro Hac Vice)
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, OH 44114
elcalderas@hahnlaw.com
eblevasseur@hahnlaw.com


*/s/ Nick Wooten*
Counsel for the Plaintiffs

PLAINTIFFS' MTD SAC FOR WANT OF JURISDICTION                                    6