**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HIRSCHBACH MOTOR LINES, INC., | ) | Case No.: 1:24-cv-11979 |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | Hon. Thomas M. Durkin |
| | ) | |
| NAVISTAR, INC. n/k/a INTERNATIONAL | ) | |
| MOTORS, LLC, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**COUNTER-DEFENDANT HIRSCHBACH MOTOR LINES, INC.'S MOTION FOR
LEAVE TO FILE ITS AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM TO COUNTER-PLAINTIFF INTERNATIONAL MOTORS, LLC'S
COUNTERCLAIM**

Counter-Defendant Hirschbach Motor Lines, Inc. ("Hirschbach"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15(a)(2), respectfully moves this Court for leave to file its Amended Answer, Affirmative Defenses, and Counterclaim to the Counterclaim of Counter-Plaintiff International Motors, LLC, f/k/a Navistar, Inc. ("Navistar"). A copy of the proposed Amended Answer, Affirmative Defenses, and Counterclaim is attached hereto as Exhibit A. In support of this Motion, Hirschbach states as follows:

**INTRODUCTION**

1. This case turns on the effect, if any, of a December 2020 Settlement Agreement and Mutual Release (the "MaxxForce Settlement Agreement") that resolved a wholly separate dispute concerning Navistar's MaxxForce engines. Navistar contends that this engine settlement bars Hirschbach's claims concerning an entirely different product—the Bendix Wingman Fusion frontal crash avoidance and mitigation system (the "Fusion System"). Hirschbach's

1

primary position is, and remains, that the MaxxForce engine settlement has nothing to do with the Fusion System and does not reach Hirschbach's Fusion claims at all.

2.    Hirschbach now seeks leave to add a single, alternative pleading: to the extent the Court were to construe the MaxxForce Settlement Agreement to reach Hirschbach's Fusion claims, that agreement was procured by Navistar's fraud in the inducement, because Navistar concealed from Hirschbach—during the very negotiations in which Hirschbach gave notice of its intent to pursue Fusion claims—the existence of an active, ongoing conspiracy between Navistar and Bendix Commercial Vehicle Systems LLC to conceal the known defects of the Fusion System. The proposed amendment pleads that concealment as both an affirmative defense and a compulsory counterclaim and properly reframes the pleading to reflect the sole remaining parties to this dispute, Hirschbach and Navistar.

3.    Leave should be freely given here. The amendment is timely, is offered in good faith, works no prejudice to Navistar, and is not futile. It will allow the parties to litigate the central question in this case—the meaning and effect of the MaxxForce Settlement Agreement—on a complete set of pleadings and on the merits. The Motion should be granted.

## BACKGROUND

4.    On November 20, 2024, Hirschbach and several affiliated entities filed this action concerning the Fusion System. On February 24, 2025, Navistar answered and asserted a two-count Counterclaim for breach of the MaxxForce Settlement Agreement (ECF No. 53), alleging that Hirschbach's pursuit of Fusion-related claims breached the release and covenant not to sue in that agreement. On May 2, 2025, Hirschbach answered the Counterclaim (ECF No. 76).

5. On April 13, 2026, the Court severed Count I of Navistar's Counterclaim (concerning the third-party complaint in the Southern District of Illinois) and transferred it to that district as duplicative of an affirmative defense Navistar had asserted there, while retaining Count II (concerning the instant action) in this Court (ECF No. 108). In doing so, the Court recognized that Navistar's retained counterclaim "is a kind of defense to Hirschbach's claims in this case," and that "both courts will need to contend with the effect of the settlement agreement . . . on [their] respective case[s]."

6. On March 30, 2026, the Court dismissed Hirschbach's operative complaint without prejudice and granted leave to replead (ECF No. 106). Hirschbach thereafter filed its Second Amended Complaint (ECF No. 114), which repled its claims on an individual, non-class basis. While Hirschbach had pursued class allegations, federal jurisdiction rested on the Class Action Fairness Act, 28 U.S.C. § 1332(d); once the class allegations were removed, complete diversity was lacking and no independent basis for federal subject-matter jurisdiction over Hirschbach's claims remained. Hirschbach accordingly moved, unopposed, to dismiss its own claims for want of jurisdiction (ECF No. 117). On August 5, 2026, the Court granted that motion and dismissed the Second Amended Complaint, expressly leaving Navistar's Counterclaim pending, and directed the parties to submit an agreed summary-judgment briefing schedule (ECF No. 119). Against that backdrop, Hirschbach now seeks leave to amend to conform its response to Navistar's Counterclaim to the current posture of the case—an individual dispute between Hirschbach and Navistar—and to assert its alternative fraud-in-the-inducement defense and counterclaim.

7. The proposed amendment does three things. First, it reframes the answer and counterclaim to reflect the only two parties to this dispute—Hirschbach and Navistar—consistent with

3

the individual-case posture and the Court's severance and transfer to the Southern District of Illinois of Count I of the Navistar counterclaim. Second, it adds, as a Fourth Affirmative Defense, fraud in the inducement, pleaded expressly in the alternative to Hirschbach's primary position that the MaxxForce Settlement Agreement does not reach the Fusion claims. Third, it asserts a compulsory counterclaim for fraud in the inducement arising from the same MaxxForce Settlement Agreement that is the subject of Navistar's own Counterclaim.

## LEGAL STANDARD

8. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Seventh Circuit has repeatedly emphasized that this is a liberal standard, and that leave should be granted absent a substantial reason such as undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility of the amendment. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Liebhart v. SPX Corp.*, 917 F.3d 952, 964–65 (7th Cir. 2019).

9. No Rule 16(b) scheduling order governing amendment of the pleadings has been entered in this case, and Rule 15(a)(2) therefore supplies the governing standard. In any event, the amendment also satisfies the "good cause" standard of Rule 16(b)(4), which focuses on the diligence of the party seeking amendment. See *Alioto v. Town of Lisbon*, 651 F.3d 715, 719–20 (7th Cir. 2011). As set forth below, the proposed amendment satisfies Rule 15(a)(2) and, to the extent applicable, Rule 16(b)(4).

## ARGUMENT

**I.     The Amendment Properly Frames the Dispute.**

4

10. The proposed amendment conforms the pleadings to the present posture of this case. Following the Court's dismissal of the Second Amended Complaint for want of jurisdiction (ECF No. 119) and the retention of Navistar's Counterclaim, this pleading frames the controversy between the remaining parties—Hirschbach and Navistar—properly.

11. The proposed Amended Answer, Affirmative Defenses, and Counterclaim reflects the present reality. It is captioned and pleaded as between Hirschbach and Navistar alone, and it removes the parties who are not part of this dispute. Framing the pleadings in this manner promotes clarity, avoids confusion, and squarely presents the dispositive question the Court has already identified: the effect of the MaxxForce Settlement Agreement on this case. See ECF No. 108 (Navistar's counterclaim "is a kind of defense to Hirschbach's claims in this case").

## II. The Fraudulent Inducement Allegations Are Pleaded Alternatively.

12. Hirschbach's primary position is that the MaxxForce Settlement Agreement—which resolved a dispute about MaxxForce engines—has no bearing on the Fusion System, a different product with different components, different defects, and different representations. The proposed amendment does not abandon that position. It adds an alternative: *if* the Court were to construe the MaxxForce Settlement Agreement to reach the Fusion claims, then that agreement was procured by fraud in the inducement and cannot bar those claims. The Federal Rules expressly permit precisely this form of alternative and hypothetical pleading. See Fed. R. Civ. P. 8(d)(2)–(3) (a party may plead alternative and inconsistent claims and defenses).

13. The alternative framing is not hypothetical hedging; it is the disciplined way to present the dispute. Navistar has put the MaxxForce Settlement Agreement squarely at issue by

asserting it as both a counterclaim and an affirmative defense. Hirschbach is entitled to respond that the agreement does not reach the Fusion claims and, in the alternative, that if it does, Navistar procured the MaxxForce Settlement Agreement by concealing the fraudulent conspiracy to sell the defective Fusion systems without disclosing the defective nature of Wingman Fusion. Both positions should be before the Court so that the effect of the MaxxForce Settlement Agreement can be adjudicated completely.

### III. The Counterclaim is Compulsory to Navistar's Counterclaim.

14. Hirschbach's proposed counterclaim for fraud in the inducement arises out of the same transaction or occurrence that is the subject matter of Navistar's Counterclaim: the negotiation, procurement, and effect of the MaxxForce Settlement Agreement. It is therefore a compulsory counterclaim under Federal Rule of Civil Procedure 13(a). See Fed. R. Civ. P. 13(a)(1)(A); *Burlington N. R.R. Co. v. Strong*, 907 F.2d 707, 710–11 (7th Cir. 1990) (applying the "logical relationship" test to determine whether claims arise from the same transaction or occurrence).

15. Navistar seeks to enforce the MaxxForce Settlement Agreement; Hirschbach contends the same agreement, to the extent it reaches the Fusion claims, was procured by Navistar's fraud. The two claims share the same operative facts—the negotiation of the MaxxForce Settlement Agreement, its scope, and its effect on the Fusion claims—and the same documentary and testimonial proof. Adjudicating Navistar's enforcement claim without Hirschbach's fraud-in-the-inducement claim would risk piecemeal litigation of a single controversy. The Rules contemplate that such a claim be asserted in response to Navistar's Counterclaim, and granting leave now ensures it is properly joined.

### IV. The Amendment Is Timely, Works No Prejudice, and Allows the Dispute to Be Decided on the Merits.

16. The amendment is timely. No scheduling order fixing a deadline to amend the pleadings has been entered, and the pleadings in this matter remain in flux following the prior motion practice and the recent dismissal of the SAC. Hirschbach seeks leave promptly to reframe the case in light of the facts on the ground, not after any deadline has passed. There has been no undue delay.

17. The amendment works no prejudice to Navistar. It adds no new party, injects no unrelated subject matter, and rests on the same factual nucleus already at issue. Navistar has been on notice of the factual basis for this defense since Hirschbach's original Answer, which alleged that Hirschbach gave Navistar notice of its intent to sue over the Fusion System during the settlement negotiations and that Navistar never asserted the settlement as a bar for more than four years thereafter. See ECF No. 76 ¶¶ 71–79. Because the proposed defense and counterclaim arise from facts Navistar already knows and from an agreement Navistar drafted and seeks to enforce, no additional discovery burden of any significance results. See *Bell v. Taylor*, 827 F.3d 699, 705–06 (7th Cir. 2016) (prejudice is the touchstone of the Rule 15 inquiry).

18. Finally, the amendment serves the strong federal policy favoring resolution of disputes on their merits. The effect of the MaxxForce Settlement Agreement is the central issue in this case, and the Court has already recognized that it must contend with that agreement here. Allowing Hirschbach to plead its complete response—both that the agreement does not reach the Fusion claims and, alternatively, that it was procured by fraud—ensures that this pivotal issue is decided on a full record rather than foreclosed by the accident of an incomplete pleading and factual record.

**V.      The Amendment Is Not Futile.**

7

19. An amendment is futile only if it could not survive a motion to dismiss. See *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). The proposed counterclaim readily clears that bar. It pleads, with particularity, that Navistar possessed superior and exclusive knowledge of an active Fusion fraudulent conspiracy; that Hirschbach placed Navistar on notice of its intent to pursue Fusion claims during the settlement negotiations; that Navistar, under a duty to disclose, concealed the conspiracy and the known defects; that Navistar did so to secure a release it could later assert against those very claims; and that Hirschbach, ignorant of the concealed facts, executed the agreement without knowledge of Navistar's fraud which it could not discover prior to January 2024. Those allegations state a claim for fraud in the inducement by concealment under the law of Iowa or Illinois, either of which affords a remedy on these facts.

20. Nor do the MaxxForce Settlement Agreement's integration and non-reliance provisions render the amendment futile. Those provisions disclaim reliance on representations; they neither immunize a party's fraudulent concealment of material facts it had a duty to disclose, nor permit a release of "unknown" claims to reach claims the releasee concealed by fraud at the time of execution. At a minimum, whether the amendment ultimately succeeds is a merits question inappropriate for resolution on a motion for leave; the amendment is plainly not futile.

**CONCLUSION**

For the foregoing reasons, Hirschbach respectfully requests that the Court grant it leave to file the Amended Answer, Affirmative Defenses, and Counterclaim attached as Exhibit A, deem that pleading filed as of the date of the Court's order, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Nick Wooten

Nick Wooten
NICK WOOTEN, LLC
3125 Carlton Road
Cumming, GA 30041
(833) 937-6389
nick@nickwooten.com


/s/ Matthew S. Hefflefinger

/s/ Devin M. Taseff

Matthew S. Hefflefinger (ARDC No. 6201281)
Devin M. Taseff (ARDC No. 6333448)
CHARTWELL LAW
7707 N. Knoxville Avenue, Suite 201-A
Peoria, Illinois 61614
(309) 225-5560
mhefflefinger@chartwelllaw.com
dtaseff@chartwelllaw.com


Counsel for Plaintiff/Counter-Defendant
Hirschbach Motor Lines, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Nick Wooten
Nick Wooten

9