IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HIRSCHBACH MOTOR LINES, INC., *et al.*,<br><br>Plaintiff/Counter-Defendants,<br><br>v.<br><br>NAVISTAR, INC. (n/k/a INTERNATIONAL MOTORS, LLC), *et al.*,<br><br>Defendants/Counter-Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-cv-11979<br><br>Honorable Thomas M. Durkin |

**MOTION OF NON-PARTY BENDIX COMMERCIAL VEHICLE SYSTEMS LLC FOR LEAVE TO INTERVENE FOR A LIMITED PURPOSE**

Non-party Bendix Commercial Vehicle Systems LLC ("Bendix"), by its undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 24, for leave to intervene for the limited purpose of being heard on all matters concerning the use, disclosure, treatment, and confidentiality of discovery that Bendix produced or had designated as confidential in in *Lewis v. Hirschbach Motor Lines, Inc.*, Consol. No. 3:20-cv-01355-NJR (S.D. Ill.) (Rosenstengel, C.J.) (the "*Lewis* Action"), including but not limited to: (a) the portion of Counter-Defendant Hirschbach Motor Lines, Inc.'s ("Hirschbach") Motion for Entry of an Order Permitting Cross-Use of Discovery from the Related Action, or, in the Alternative, to Defer Ruling on Summary Judgment Under Rule 56(d) (Dkt. 129) (the "Cross-Use Motion") seeking leave to use such discovery in this action; (b) the terms of any protective order, sealing procedure, or other confidentiality mechanism governing such discovery if cross-use is permitted, in whole or in part; and (c) any subsequent motion, dispute, or proceeding in this action concerning the use or disclosure of such discovery. Nothing in this description of the scope of intervention concedes, or should be construed to concede, that cross-use of Bendix's material is or should be permitted. Bendix opposes the Cross-Use Motion in its entirety as to Bendix-produced and Bendix-designated discovery, as set forth in Bendix's forthcoming Opposition, and addresses the contingency

described in subpart (b) above solely to ensure Bendix is not required to seek further leave to be heard should the Court rule against Bendix on that issue.

Bendix moves for leave to intervene as of right under Rule 24(a), or, alternatively, permissively under Rule 24(b)(1)(B). The legal basis for this Motion is set forth in the accompanying Memorandum in Support. Pursuant to Rule 24(c), Bendix is contemporaneously filing a Supplemental Pleading setting forth the interests for which limited intervention is sought.

Bendix further requests that, concurrent with or upon the granting of this Motion, Bendix be granted leave to file its Opposition to the Cross-Use Motion on or before November 4, 2026, consistent with the briefing schedule already set by the Court (Dkt. 132).

In an October 14, 2026 letter to Bendix's counsel, Hirschbach's counsel expressly stated that "[i]f Bendix wishes to be heard by Judge Durkin on the use or sealing of its material, Hirschbach will not oppose a request for leave to do so." Before filing this motion, Bendix conferred with counsel for each of Hirschbach and International Motors, LLC f/k/a Navistar, Inc. Each confirmed they do not oppose this Motion.

Dated: October 23, 2026

Respectfully submitted,

*/s/ Erica L. Calderas*

J. Patrick White (ARDC# 6292078)
Hahn Loeser & Parks LLP
200 West Madison Street, Suite 2700
Chicago, IL 60606
Phone: 312-637-3000
Fax: 312-637-3001
pwhite@hahhlaw.com

Erica L. Calderas (Pro Hac Vice)
Eric B. Levasseur (Pro Hac Vice)
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, OH 44114
Phone: 216-621-0150
Fax: 216-241-2824
elcalderas@hahhlaw.com
eblevasseur@hahhlaw.com

*Attorneys for*
*Bendix Commercial Vehicle Systems LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HIRSCHBACH MOTOR LINES, INC., *et al.*,<br><br>Plaintiff/Counter-Defendants,<br><br>v.<br><br>NAVISTAR, INC. (n/k/a INTERNATIONAL MOTORS, LLC), *et al.*,<br><br>Defendants/Counter-Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-cv-11979<br><br>Honorable Thomas M. Durkin |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NON-PARTY BENDIX COMMERCIAL VEHICLE SYSTEMS LLC FOR LEAVE TO INTERVENE FOR A LIMITED PURPOSE**

Dated: October 23, 2026

Respectfully submitted,

*/s/ Erica L. Calderas*

J. Patrick White (ARDC# 6292078)
Hahn Loeser & Parks LLP
200 West Madison Street, Suite 2700
Chicago, IL 60606
pwhite@hahhlaw.com

Erica L. Calderas (*pro hac vice* forthcoming)
Eric B. Levasseur (*pro hac vice* forthcoming)
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, OH 44114
elcalderas@hahhlaw.com
eblevasseur@hahhlaw.com

*Attorneys for*
*Bendix Commercial Vehicle Systems LLC*

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........ ii

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

III. LAW AND ARGUMENT ........ 4

A. Bendix Is Entitled to Intervene as of Right Under Rule 24(a)(2), for the Limited Purpose Stated ........ 4

B. Alternatively, Bendix Should Be Granted Permissive Intervention Under Rule 24(b), for the Limited Purpose Stated ........ 6

C. Bendix's Intervention Should Be Limited to the Confidentiality and Cross-Use Issues Concerning Bendix's Own Material, and Should Not Otherwise Subject Bendix to This Action ........ 7

IV. CONCLUSION ........ 8

CERTIFICATE OF SERVICE ........ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blum v. Schlegel*,
150 F.R.D. 38 (W.D.N.Y. 1993)....4

*Denius v. Dunlap*,
209 F.3d 944 (7th Cir. 2000)....5

*Dorsett v. Cnty. of Nassau*,
283 F.R.D. 85 (E.D.N.Y. 2012)....7

*Driftless Area Land Conservancy v. Pub. Serv. Comm'n of Wisconsin*,
No. 19-CV-1007-WMC, 2020 WL 7186150 (W.D. Wis. Dec. 7, 2020)....7

*Marino v. Ortiz*,
484 U.S. 301 (1988)....6

*Newman v. Metro. Life Ins. Co.*,
No. 16 C 3530, 2018 WL 3239722 (N.D. Ill. July 3, 2018)....6

*Nissei Sangyo Am., Ltd. v. U.S.*,
31 F.3d 435 (7th Cir. 1994)....4, 5

*Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*,
69 F.3d 1377 (7th Cir. 1995)....6, 7

*Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Engineers*,
101 F.3d 503 (7th Cir. 1996)....6

*Southmark Corp. v. Cagan*,
950 F.2d 416 (7th Cir. 1991)....4

*Trbovich v. United Mine Workers*,
404 U.S. 528 (1972)....5

**Other Authorities**

Fed. R. Civ. P. 24....5

Fed. R. Civ. P. 24(a)....4, 6

Fed. R. Civ. P. 24(a)(2)....4

Fed. R. Civ. P. 24(b)....6

Fed. R. Civ. P. 24(b)(1)(B)....6

Fed. R. Civ. P. 24(b)(3) ..... 6

Fed. R. Civ. P. 56(d)(3) ..... 4

Local Rule 26.2 ..... 3

## I. INTRODUCTION

Leave to intervene should be granted because no party to this action is positioned to adequately represent the interests of non-party Bendix Commercial Vehicle Systems LLC ("Bendix") in the confidentiality and proper use of Bendix's documents and testimony produced pursuant to an Agreed Confidentiality Order in *Lewis v. Hirschbach Motor Lines, Inc.*, Consol. No. 3:20-cv-01355-NJR (S.D. Ill.) (Rosenstengel, C.J.) (the "*Lewis* Action") and Bendix should be heard on such matters.

Bendix is no longer a party to this action. Plaintiffs' claims against Bendix were dismissed when the Court dismissed the Second Amended Complaint for want of subject-matter jurisdiction. Dkt. 119. What remains in this action is Counter-Plaintiff International Motors, LLC's (n/k/a Navistar, Inc.) ("International") Counterclaim against Counter-Defendant Hirschbach Motor Lines, Inc.'s ("Hirschbach") and the motions arising from it, none of which assert any claim by or against Bendix. Notwithstanding Bendix's absence from this case, Hirschbach's Cross-Use Motion asks the Court to enter an order permitting the use, in this action, of discovery that Bendix produced and had designated as confidential in the *Lewis* Action, over Bendix's express objection. Schedule A to the Cross-Use Motion identifies numerous items bearing Bendix's BCVS Bates prefix and deposition testimony of Bendix personnel, all of which Bendix produced in the *Lewis* Action subject to the Agreed Confidentiality Order entered there (Ex. 1[1], *Lewis* Dkt. 78). Bendix has not consented to that use. By letter dated October 9, 2026, Hirschbach asked Bendix to consent to the filing of Bendix's designated material under seal in this action. Ex. 3. By letter dated October 14, 2026, Bendix declined, stating that it "does not consent to Hirschbach filing any of the discovery produced in the Southern District of Illinois case in the Northern District, whether under seal or otherwise." Ex. 4. Hirschbach's own Cross-Use Motion and supporting memorandum acknowledge that refusal and that Bendix "is not a party here." Dkt. 129 at 4.

No party to this action is positioned to adequately represent the interests of Bendix. International's interest in the Cross-Use Motion is limited to defending against Hirschbach's

[1] Numbered Exhibits referred to herein are attached to the Declaration of Erica Calderas ("Calderas Dec.") filed in support of this Motion.

attempt to use discovery to oppose International's own summary judgment motion and to litigate the scope of a release between International and Hirschbach; International cannot speak to whether Bendix's separate and independently designated discovery may properly be used in this action. Hirschbach, for its part, has itself recognized this: in an October 14, 2026 letter to Bendix's counsel, Hirschbach expressly stated that "[i]f Bendix wishes to be heard by Judge Durkin on the use or sealing of its material, Hirschbach will not oppose a request for leave to do so." Ex. 6.

Bendix accordingly seeks leave to intervene for the limited purpose of being heard on all matters concerning the use, disclosure, treatment, and confidentiality of discovery that Bendix produced or had designated as confidential in the *Lewis* Action, including but not limited to: (a) the portion of the Cross-Use Motion (Dkt. 129) seeking leave to use such discovery in this action; (b) the terms of any protective order, sealing procedure, or other confidentiality mechanism governing such discovery if cross-use is permitted, in whole or in part; and (c) any subsequent motion, dispute, or proceeding in this action concerning the use or disclosure of such discovery. Nothing in this description of the scope of intervention concedes, or should be construed to concede, that cross-use of Bendix's material is or should be permitted. Bendix opposes the Cross-Use Motion in its entirety as to Bendix-produced and Bendix-designated discovery, as set forth in Bendix's forthcoming Opposition, and addresses the contingency described in subpart (b) above solely to ensure Bendix is not required to seek further leave to be heard should the Court rule against Bendix on that issue.

Bendix does not seek to become a party to this action for any other purpose and does not seek to assert or defend against any claim, including the merits of International's Counterclaim, the enforceability of the Settlement Agreement, or Hirschbach's proposed fraud-in-the-inducement defense or counterclaim. Bendix requests that, concurrent with or upon the granting of this Motion, Bendix be granted leave to file its Opposition to the Cross-Use Motion on or before November 4, 2026, consistent with the briefing schedule already set by the Court (Dkt. 132).

## II. <u>BACKGROUND</u>

The *Lewis* Action is a consolidated products-liability and failure-to-warn action pending in

the Southern District of Illinois, in which Hirschbach has sued Bendix and International as third-party defendants arising from a December 2020 collision involving a Hirschbach tractor equipped with the Bendix Wingman Fusion collision-mitigation system. Over the course of that litigation, Bendix has produced thousands of pages of documents under the BCVS Bates prefix and its personnel have been deposed, all subject to the Agreed Confidentiality Order entered in that action. Ex. 1, *Lewis* Dkt. 78.

That Agreed Confidentiality Order in *Lewis* provides, at Paragraph 5(a), that "Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof." *Id.* at ¶ 5(a). This is a standard term that is, for example, also required by this Court's Form LR 26.2 Model Confidentiality Order. Underscoring the limited use of the documents produced in *Lewis*, the Agreed Confidentiality Order provides that at the conclusion of the *Lewis* litigation, the documents will be returned or destroyed. *Id.* at ¶ 14(b).

On March 27, 2026, the Southern District of Illinois denied a prior motion by Hirschbach to de-designate certain Bendix-designated material for the express purpose of using it to prosecute what was then Hirschbach's class action against International, Bendix, and PACCAR Inc. in this Court. Ex. 2, *Lewis* Dkt. 380. In denying that motion, Chief Judge Rosenstengel held that she was "disinclined to issue an order that effectively instrumentalizes [the Southern District's] discovery process so that evidence from this case can be used in another case outside of this district," and that Hirschbach's "access to the discovery it needs to prosecute the class action is a matter more appropriately handled by Judge Durkin." *Id*. Chief Judge Rosenstengel thus left to this Court, whether and how discovery would be conducted in this action, independent of the *Lewis* Action. This Court dismissed the Plaintiffs' Second Amended Complaint without the need for discovery in this action.

On October 14, 2026, Hirschbach filed the Cross-Use Motion in this action, seeking an order permitting it to use, in opposing International's pending motion for partial summary judgment (Dkt. 125), discovery identified in Schedule A to the motion, including numerous items

of Bendix-produced and Bendix-designated material. Hirschbach's supporting memorandum and declaration acknowledge that Bendix "is not a party here" and that Bendix has declined to consent to any such use, "whether under seal or otherwise."

By minute entry dated October 15, 2026, the Court adopted a briefing schedule on the Cross-Use Motion (Dkt. 129) and Hirschbach's related Motion Under Rule 56(d)(3) for an Order Sequencing the Court's Rulings on the Pending Motions (Dkt. 131), setting International's responses due November 4, 2026 and Hirschbach's replies due November 18, 2026. Dkt. 132.

Bendix now moves promptly so that its position may be considered as part of the record on which the Court rules.

## III. <u>LAW AND ARGUMENT</u>

### A. <u>Bendix Is Entitled to Intervene as of Right Under Rule 24(a)(2), for the Limited Purpose Stated</u>

Under Fed. R. Civ. P. 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Tracking this language, the Seventh Circuit has set out a four-part test for intervention as of right: the proposed intervenor "must (1) make timely application, (2) have an interest relating to the subject matter of the action, (3) be at risk that that interest will be impaired, 'as a practical matter,' by the action's disposition and (4) lack adequate representation of the interest by the existing parties." *Nissei Sangyo Am., Ltd. v. U.S.*, 31 F.3d 435, 438 (7th Cir. 1994) (quoting *Southmark Corp. v. Cagan*, 950 F.2d 416, 418 (7th Cir. 1991)).

*Nissei* affirmed the ability of a non-party to intervene as of right under Rule 24(a) to protect its interests as to confidential materials that the plaintiff sought to discover for use in that action, with the non-party simultaneously disputing in another forum the plaintiff's right to obtain the materials. *Id*; *see also Blum v. Schlegel*, 150 F.R.D. 38, 39 (W.D.N.Y. 1993) (allowing non-party to intervene as of right under Rule 24(a) "for the limited purpose of protecting her interest in the confidentiality of the information contained in documents requested by Plaintiff during the course

of discovery" and noting that the "caption of the case will remain unchanged").

Bendix satisfies the four requirements for intervention as of right.

**1. Timely Application.** The test for timeliness "essentially sets out a reasonableness standard: potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly," including to avoid any prejudice to the existing parties to the case. *Nissei*, 31 F.3d at 438–39. Bendix has been diligent. Bendix asserted its objections to Hirschbach before Hirschbach filed its motion and is filing this Motion within the briefing schedule set by this Court for Hirschbach's motion. As such, Bendix has acted "with dispatch," *id.*, and there is no prejudice to the existing parties.

**2. Bendix's Interests.** An intervenor need not have an independent cause of action to possess an "interest" sufficient for Rule 24 intervention. *See Nissei*, 31 F.3d at 438 (interest was in the confidentiality of records); *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 (1972) (holding that a union member could intervene to advance certain arguments, introduce evidence and obtain certain specific safeguards). Bendix has a direct and substantial interest in the confidentiality of discovery it produced in the *Lewis* Action and in ensuring that material is not used, over its objection and in violation of the Agreed Confidentiality Order entered in *Lewis*, in a proceeding to which Bendix is not a party and in which Bendix has had no opportunity to be heard. *See Nissei*, 31 F.3d at at 439 (proposed intervenor "undoubtedly has a privacy and proprietary interest" in its records); *see also Denius v. Dunlap*, 209 F.3d 944, 957–58 (7th Cir. 2000) (discussing right to privacy for certain financial records). That interest is concrete, not speculative: Bendix has already objected in writing to the precise use Hirschbach seeks to obtain by order of this Court and Hirschbach filed its Cross-Use Motion anyway. As set forth in the Supplemental Pleading, the use of the confidential materials would violate the Agreed Confidentiality Order entered in *Lewis* and cause Bendix significant and irreparable harm, thereby placing Bendix's interests squarely at issue.

**3. Risk of Impairing Bendix's Interests.** If the Cross-Use Motion is granted as to Bendix-designated material without Bendix having had an opportunity to be heard, Bendix's ability to protect that interest will, as a practical matter, be impaired. Bendix is not a party to this

action and, absent intervention, has no mechanism to be heard on the motion, to challenge the characterization or admissibility of its own documents and testimony, or to seek appellate review of any adverse ruling. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (a non-party seeking to challenge a district court order must ordinarily intervene below to obtain the right to appeal).

**4. Lack of Adequate Representation by the Parties.** No existing party adequately represents Bendix's interest. International's interest in opposing the Cross-Use Motion, to the extent it has one, is confined to protecting International's own litigating position on its Counterclaim and summary judgment motion; International has no stake in, and has not purported to represent, Bendix's separate interest in the confidentiality and proper use of Bendix's own discovery. Indeed, International has already agreed, as to its own designated material, that it "will not assert a violation of the [*Lewis* Action's protective order]" if that material is filed under seal in this action, a position Bendix does not share and that underscores the divergence between International's interests and Bendix's. Bendix's interest is its own to assert, and no party to this action can assert it on Bendix's behalf.

Accordingly, Bendix requests intervention as of right under Rule 24(a).

## B. Alternatively, Bendix Should Be Granted Permissive Intervention Under Rule 24(b), for the Limited Purpose Stated

In the alternative, for largely the same reasons that Bendix qualify for intervention as of right, it also meets the standard for permissive intervention under Rule 24(b). Rule 24(b) allows intervention by one who "has a claim or defense that shares with the main action a common question of law or fact," subject to the Court's discretion and consideration of undue delay or prejudice. Fed. R. Civ. P. 24(b)(1)(B) and (b)(3). "'All that is required for permissive intervention ... is that the applicant have a claim or defense in common with a claim or defense in the suit. If this condition is satisfied, ... the judge must then decide as a matter of discretion whether intervention should be allowed.'" *Newman v. Metro. Life Ins. Co.*, No. 16 C 3530, 2018 WL 3239722, at *2 (N.D. Ill. July 3, 2018) citing *Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Engineers*, 101 F.3d 503, 509 (7th Cir. 1996). Permissive intervention is "entirely discretionary" and is proper to enable the court to "address important issues in this case once, with fairness and finality." *Sec. Ins.*

*Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995) (noting the district judge "skillfully avoided … endless, circular, and unnecessary litigation" by allowing intervention). Courts have granted permissive intervention to allow a non-party to intervene to enforce a confidentiality order. *See, e.g., Dorsett v. Cnty. of Nassau*, 283 F.R.D. 85, 87 (E.D.N.Y. 2012) (granting motion to intervene by non-party the Police Benevolent Association to enforce the confidentiality of an Internal Affairs Report that was subject to a protective order and ordering person who violated the protective order to show cause why he should not be held in contempt.)

Bendix's position on the propriety of using its own confidential materials shares a common question with the Cross-Use Motion already pending before the Court, and intervention for the limited purpose sought here will cause no delay or prejudice to any party: the existing briefing schedule (Dkt. 132) remains undisturbed, and Bendix seeks only to be heard within that schedule, not to alter it. Accordingly, and alternatively, permissive intervention should be granted.

### C. Bendix's Intervention Should Be Limited to the Confidentiality and Cross-Use Issues Concerning Bendix's Own Material, and Should Not Otherwise Subject Bendix to This Action

Courts routinely grant intervention limited to a discrete issue, particularly where, as here, a non-party's confidentiality interest in its own discovery is implicated by a motion in litigation to which it is not otherwise a party. *See Driftless Area Land Conservancy v. Pub. Serv. Comm'n of Wisconsin*, No. 19-CV-1007-WMC, 2020 WL 7186150, at *3 (W.D. Wis. Dec. 7, 2020) ("numerous cases support limited, permissive intervention where a non-party seeks to intervene to protect confidential information that may be disclosed in discovery").

Bendix seeks intervention solely to be heard on all matters concerning the use, disclosure, treatment, and confidentiality of discovery that Bendix produced or had designated as confidential in the *Lewis* Action, including but not limited to: (a) the portion of the Cross-Use Motion (Dkt. 129) seeking leave to use such discovery in this action; (b) the terms of any protective order, sealing procedure, or other confidentiality mechanism governing such discovery if cross-use is permitted, in whole or in part; and (c) any subsequent motion, dispute, or proceeding in this action concerning the use or disclosure of such discovery. Nothing in this description of the scope of

intervention concedes, or should be construed to concede, that cross-use of Bendix's material is or should be permitted. Bendix opposes the Cross-Use Motion in its entirety as to Bendix-produced and Bendix-designated discovery, as set forth in Bendix's forthcoming Opposition, and addresses the contingency described in subpart (b) above solely to ensure Bendix is not required to seek further leave to be heard should the Court rule against Bendix on that issue. Bendix's intervention on this limited basis should not be construed as, and does not constitute, a general appearance in this action. With intervention, Bendix does not thereby become a party to International's Counterclaim or to any other claim, counterclaim, or defense in this case. Further, it does not waive, and expressly reserves, any objection to personal jurisdiction or venue and takes no position on the merits of International's motion for partial summary judgment, Hirschbach's motion for leave to amend, or the parties' dispute over sequencing. Bendix's sole purpose in seeking intervention is to protect its own, independent interest in the confidentiality and proper use of discovery it produced in a separate action.

## IV. CONCLUSION

For the foregoing reasons, Bendix respectfully requests that the Court enter an order granting Bendix leave to intervene for the limited purpose set forth above, granting Bendix leave to file a response to the Cross-Use Motion (Dkt. 129), and granting Bendix such further relief as the Court deems just.

Dated: October 23, 2026

Respectfully Submitted,

*/s/ Erica L. Calderas*

J. Patrick White (ARDC# 6292078)
Hahn Loeser & Parks LLP
200 West Madison Street, Suite 2700
Chicago, IL 60606
Phone: 312-637-3000
Fax: 312-637-3001
pwhite@hahhlaw.com

Erica L. Calderas (Pro Hac Vice)
Eric B. Levasseur (Pro Hac Vice)
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800

Cleveland, OH  44114
Phone: 216-621-0150
Fax: 216-241-2824
elcalderas@hahhlaw.com
eblevasseur@hahhlaw.com

*Attorneys for*
*Bendix Commercial Vehicle Systems LLC*

**CERTIFICATE OF SERVICE**

I, Erica L. Calderas, an attorney, hereby certify that on this 23rd day of October, 2026, I caused a true and accurate copy of the foregoing *Motion of Non-Party Bendix Commercial Vehicle Systems LLC for Leave to Intervene for a Limited Purpose and Memorandum in Support to* be filed using the courts CM/ECF electronic filing system, which will generate service on all parties of record.

Respectfully submitted,

*/s/ Erica L. Calderas*
Erica L. Calderas

*One of the Attorneys for*
*Bendix Commercial Vehicle Systems LLC*